**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| 211 PRODUCTIONS, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-01901-DDD-MEH |
| | ) | |
| vs. | ) | |
| | ) | |
| WIDEOPENWEST FINANCE, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT WIDEOPENWEST FINANCE, LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................ 1

II.    FACTUAL BACKGROUND...................................................................................... 2

       A.     Maverickeye UG................................................................................................3

       B.     Senthil Segaran .................................................................................................4

       C.     WOW's DMCA Policy and Program ................................................................5

III.   LEGAL STANDARD.................................................................................................. 5

IV.    THE COMPLAINT FAILS TO STATE A CLAIM FOR SECONDARY COPYRIGHT
       INFRINGEMENT........................................................................................................ 6

       A.     Plaintiffs Fail to Plausibly Allege that WOW's Subscribers Committed
              Direct Infringement...........................................................................................6

              1.     Plaintiffs do not adequately identify any direct infringer ...........................6

              2.     Plaintiffs do not plausibly allege infringement of their reproduction
                     rights ...........................................................................................................7

       B.     Plaintiffs Fail to Plausibly Allege that WOW Committed Contributory
              Infringement......................................................................................................8

              1.     Plaintiffs Fail to Plausibly Allege that WOW had Knowledge of
                     Specific Instances of Direct Infringement ..................................................8

              2.     Plaintiffs Fail to Plausibly Allege any Conduct by WOW that
                     Supports Contributory Liability..................................................................9

       C.     Plaintiffs Fail to Plausibly Allege that WOW Committed Vicarious
              Infringement....................................................................................................11

              1.     Plaintiffs fail to plausibly allege that WOW has any direct financial
                     interest in its subscribers' alleged infringement .......................................11

              2.     Plaintiffs fail to plausibly allege that WOW has the ability to
                     supervise and control the purported infringement ...................................12

V.     THE COMPLAINT FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF ......... 13

VI.    CONCLUSION.......................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ...................................................................................6, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................................5

*Burnett v. Mortg. Elec. Registration Sys., Inc.*,
  706 F.3d 1231 (10th Cir. 2013) ........................................................................................5

*Cannoid, LLC v. Entourage Nutritional Distributors, LLC*,
  No. 1:16-cv-2848, 2017 WL 11547021 (D. Colo. June 7, 2017) .............................5

*Cobbler Nevada, LLC v. Gonzales*,
  901 F.3d 1142 (9th Cir. 2018) ....................................................................................6, 10

*Columbia Pictures Indus., Inc. v. Fung*,
  710 F.3d 1020 (9th Cir. 2013) ..........................................................................................7

*Ellison v. Robertson*,
  357 F.3d 1072 (9th Cir. 2004) ........................................................................................11

*Fathers & Daughters Nev., LLC v. Zhang*,
  No. 3:16-cv-1443, 2018 WL 3023089 (D. Or. June 18, 2018) ..................................2

*Forest Guardians v. Forsgren*,
  478 F.3d 1149 (10th Cir. 2007) ........................................................................................5

*La Resolana Architects, PA v. Reno, Inc.*,
  555 F.3d 1171 (10th Cir. 2009) ........................................................................................9

*Luvdarts LLC v. AT&T Mobility, LLC*,
  No. 2:10-cv-05442, 2011 WL 997199 (C.D. Cal. Mar. 17, 2011) ............................9

*Malibu Media v. Park*,
  No. 2:17-cv-12107, 2019 WL 2960146 (D.N.J. July 9, 2019) .................................10

*Metro-Goldwyn-Mayer Studios v. Grokster, Ltd.*,
  545 U.S. 913 (2005) .....................................................................................................9, 10

*Packingham v. North Carolina*,
 137 S. Ct. 1730 (2017) ...................................................................................................1

*Perfect 10, Inc. v. CCBill LLC*,
 488 F.3d 1102 (9th Cir. 2007) ..................................................................................11, 12

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
 494 F.3d 788 (9th Cir. 2007) .........................................................................................13

*Plan Pros, Inc. v. Torczon*,
 No. 8:08-cv-136, 2010 WL 11523879 (D. Neb. Nov. 17, 2010) ...................................10

*Religious Tech. Ctr. v. Netcom On-Line Cmmc'n Servs., Inc.*,
 907 F. Supp. 1361 (N.D. Cal. 1995) ................................................................................8

*Shell v. Am. Family Rights Ass'n*,
 899 F. Supp. 2d 1035 (D. Colo. 2012) ........................................................................8, 11

*Smith v. BarnesandNoble.com*,
 LLC, 143 F. Supp. 3d 115 (S.D.N.Y. 2015) ...................................................................10

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
 464 U.S. 417 (1984) .......................................................................................................10

*Tarantino v. Gawker Media, LLC*,
 No. 2:14-cv-603, 2014 WL 2434647 (C.D. Cal. Apr. 22, 2014) .....................................9

*UMG Recordings, Inc. et al. v. Bright House Networks, LLC*,
 No. 8:19-cv-710, 2020 WL 3957675 (M.D. Fla. July 8, 2020) .....................................12

*Viesti Assocs., Inc. v. Pearson Educ., Inc.*,
 No. 1:12-cv-2240, 2013 WL 4052024 (D. Colo. Aug. 12, 2013) ...............................9, 11

*Warner Records Inc. v. Charter Commc'ns, Inc.*,
 454 F. Supp. 3d 1069 (D. Colo. 2020) ...........................................................................12

*Warner Records Inc. v. Charter Communications, Inc.*,
 No. 1:19-cv-00874-RBJ-MEH ........................................................................................1

**Statutes**

17 U.S.C. § 106(1) ..............................................................................................................6, 7

17 U.S.C. § 502 .....................................................................................................................13

17 U.S.C. § 512(a), (i)(1)(A) .................................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 5

WideOpenWest Finance LLC ("WOW") moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Complaint.

## I. INTRODUCTION

Plaintiffs 211 Productions, Inc., *et al.*, purport to own the copyrights to certain motion pictures, primarily direct-to-video movies such as "I Spit on Your Grave," "Extremely Wicked, Shockingly Vile and Evil," and "2047: Sights of Death"  *See* Compl., ¶¶ 7–37 & Ex. 1 thereto (ECF No. 1, 1-1). Defendant WOW is an internet service provider headquartered in Colorado.

Plaintiffs seek to hold WOW secondarily liable for alleged acts of direct copyright infringement by subscribers of WOW's internet service. Specifically, Plaintiffs claim that WOW is liable because it did not terminate the internet access of subscribers that Plaintiffs' agent, Maverickeye UG, accused of sharing copyrighted content over the internet.[1] Thus, conceptually, this case is like another case before this Court, *Warner Records Inc. v. Charter Communications, Inc.*, No. 1:19-cv-00874-RBJ-MEH, in which the major U.S. record labels accuse Charter Communications of secondary copyright infringement. In fact, however, this case is ***very*** different.

Plaintiffs and Maverickeye are part of a well-known web of copyright trolls. *See generally* Ex. A (Feb. 23, 2018 Decl. of J. Christopher Lynch) (investigating the relationships between certain Plaintiffs, Maverickeye, Maverickeye's alter egos GuardaLey and Crystal Bay, and other copyright trolls). Until now, Plaintiffs' *modus operandi* has been to file John Doe lawsuits in the hope of securing quick settlements and to dismiss them at the slightest resistance. *See* Ex. B (Jan. 8, 2018 Order in *Venice PI, LLC v. O'Leary, et al.*) at 2 & n.1 (collecting cases).

---

[1] It is difficult to square Plaintiffs' liability theory with the Supreme Court's recognition that internet access is a right protected by the First Amendment. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1737–38 (2017). In *Packingham*, the Court found that a law preventing convicted sex offenders from accessing social media websites violates the First Amendment. *See id.*

1

Plaintiffs are rarely successful in contested cases. *See, e.g.*, *Fathers & Daughters Nev., LLC v. Zhang*, No. 3:16-cv-1443, 2018 WL 3023089, at *4–*5 (D. Or. June 18, 2018) (awarding attorneys' fees to accused infringer where discovery revealed that the plaintiff, an affiliate of Plaintiffs here, did not own the asserted copyright). Additionally, courts and litigants in these cases have persuasively accused Maverickeye of serious wrongdoing, such as submitting fraudulent "expert" declarations from fictitious persons, violating state law by engaging in unlicensed surveillance, and even conspiring with copyright owners to offer copyrighted content over BitTorrent and then sue anyone who tries to download it. *See* Ex. B at 2–3 & n.2; Ex. C (June 13, 2014 Decl. of J. Christopher Lynch) at 29.

Under the circumstances, then, it is no surprise that Plaintiffs have not stated viable secondary copyright infringement claims against WOW. As detailed below, Plaintiffs do not allege *facts* showing that any WOW subscriber committed direct copyright infringement; that WOW had knowledge of the specific alleged infringements at issue; or that WOW encouraged, induced, controlled, or profited from any alleged direct infringement.

The Court should therefore dismiss Plaintiffs' Complaint for failure to state a claim.

## II.  FACTUAL BACKGROUND

WOW is an ISP in the business of providing internet connectivity to subscribers. Compl., ¶ 41 (ECF No. 1). WOW has about as much control over how its customers use the internet as the power company—it controls access and nothing more.

To this point, it is important to recognize what Plaintiffs do *not* allege. Plaintiffs do not allege that WOW hosts websites, stores data for customers, or distributes online content, software, or tools. Plaintiffs do not allege that WOW monitors or controls the content that its subscribers access or which websites they visit, or that WOW otherwise plays any role in shaping how, when, or why they use the internet. Plaintiffs do not allege that WOW has any

ability to determine what files are stored on the computers and devices people use on its network, or whether there are any file-sharing programs running on those devices.

Nevertheless, Plaintiffs allege that WOW is secondarily liable for copyright infringement allegedly committed by its subscribers, because WOW did not terminate their internet access after receiving emails accusing them of copyright infringement. *See, e.g.*, *id.*, ¶ 125.

### A. Maverickeye UG

According to Plaintiffs, they engaged Maverickeye, a third party based in Germany, to monitor BitTorrent activity for infringement of their copyrighted works. *Id.*, ¶ 91. Plaintiffs allege that Maverickeye would then send "Notices of Infringement"—emails—to WOW regarding instances of copyright infringement by WOW's subscribers. *Id.*, ¶ 107–08.

The example email attached to Plaintiffs' Complaint as Exhibit 3—like the other emails Plaintiffs intend to rely on—contains nothing more than a conclusory allegation of copyright infringement against an IP address. *See* ECF No. 1-3 ("The unauthorized download and distribution of this file by your IP address constitutes copyright infringement."). The email does not discuss, reference, or attach any supporting evidence. Plaintiffs do not and cannot allege that WOW has any ability to verify allegations like these.

In terms of what Maverickeye did to identify the alleged infringements, Plaintiffs lard their Complaint with jargon to obscure the absence of facts. For example, Plaintiffs allege that Maverickeye "isolated the transactions and the IP addresses associated therewith for the files identified by the SHA-1 hash value of the Unique Hash Number." Compl., ¶ 93. However, Plaintiffs allege no *facts* regarding how Maverickeye detected actual instances of direct copyright infringement, or regarding what forensic record of direct copyright infringement Maverickeye obtained or preserved. *See, e.g.*, *id.*, ¶¶ 91–97. In substance, Plaintiffs allege little more than "Maverickeye detected infringement." *See id*.

3

B.     **Senthil Segaran**

According to Plaintiffs, Senthil Segaran, a resident of the United Kingdom or India, operates (or operated) the torrent website "YTS." *See* Compl., ¶ 98; Ex. 2 to Compl., at 18 (ECF No. 1-2).  In support of their Complaint, Plaintiffs attach a "Certificate of Authenticity" ostensibly signed by Segaran over a year ago, in which he purports to attest to the authenticity of unspecified records "attached hereto."  Ex. 2 at 18.  Assuming the date is accurate and the signature is authentic, Segaran executed the certificate not long after entering into *pro se* consent judgments with certain Plaintiffs and their affiliates, to resolve their copyright infringement lawsuits against him.[2]

Plaintiffs contend that the records submitted with Segaran's certificate are "records of activity of registered user accounts" on the YTS website.  Compl., ¶ 98.  WOW is unaware of any credible record of website activity that looks like this:

```
I Feel Pretty (2018), hash F63F5737AA36AC1D23B92B4E14957F3B79E507C1, 720p, 934.61 MB
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***One Entire Page of Redactions**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
☆ 14.  -------------------------------
   email: troy.wilson@gmail.com
   last used ip: 75.118.149.167
   date downloaded: 2019-03-13 18:50:29
   IP Address city: Des Plaines, state: Illinois, zip code: 60016
```

Ex. 2 at 1–2 (handwritten star in original).  Despite the heavy redactions in Exhibit 2, Plaintiffs did not attempt to file an unredacted copy under seal and refused to provide it in response to a request from WOW's counsel.

---

[2] ECF No. 25, No. 1:19-cv-413 (D. Haw.); ECF No. 77, No. 1:19-cv-169 (D. Haw.).

### C.     WOW's DMCA Policy and Program

For the entire period relevant to this case, WOW has had in place a safe harbor policy pursuant to the Digital Millennium Copyright Act ("DMCA"), under which WOW terminates the accounts of accused copyright infringers in appropriate circumstances.  *See* 17 U.S.C. § 512(a) & § 512(i)(1)(A).  Plaintiffs' allegations to the contrary (*e.g.*, Compl., ¶ 133) are demonstrably false.  WOW has a robust program under which it notifies account holders of infringement allegations, suspends their internet access if the allegations continue, and then permanently terminates the account upon receipt of additional complaints.  Since 2018, WOW has permanently terminated hundreds of subscriber accounts pursuant to this policy.

## III.    LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations must be enough "to raise a right to relief above the speculative level."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007)).  The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In addition, a plaintiff must set forth a plausible claim for relief, a possible claim for relief is not enough.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*.  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to

relief." *Cannoid, LLC v. Entourage Nutritional Distributors, LLC*, No. 1:16-cv-2848, 2017 WL 11547021, at *3 (D. Colo. June 7, 2017).

## IV.     THE COMPLAINT FAILS TO STATE A CLAIM FOR SECONDARY COPYRIGHT INFRINGEMENT

Plaintiffs do not accuse WOW of directly infringing their copyrights. Instead, they accuse WOW of two types of secondary copyright infringement—contributory and vicarious. Compl. at ¶¶ 154, 158. Plaintiffs do not plausibly allege direct infringement by WOW's subscribers, and their allegations regarding the remaining elements of contributory and vicarious infringement are also deficient. Plaintiffs have therefore failed to state a claim.

### A.     Plaintiffs Fail to Plausibly Allege that WOW's Subscribers Committed Direct Infringement

Secondary infringement does not exist in the absence of direct infringement by a third party. *See, e.g.*, *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). Therefore, to plead a claim for secondary infringement against WOW, Plaintiffs must first allege facts showing direct infringement for which WOW may be secondarily liable. Here, Plaintiffs attempt to allege that WOW subscribers directly infringed "Plaintiffs' exclusive right to reproduce and distribute" the works at issue. *See* Compl. at ¶ 158; *see also* 17 U.S.C. § 106(1) (reproduction right), (3) (distribution right).

#### 1.     Plaintiffs do not adequately identify any direct infringer

Plaintiffs' claims are expressly premised on the notion that WOW is secondarily liable for acts of direct copyright infringement **by WOW's subscribers**. Compl., ¶¶ 154, 158. But here, Plaintiffs only identify the alleged direct infringers by IP address; there are no additional allegations demonstrating that the activity at that IP address came from a WOW subscriber, and not some other user of WOW's network. *See* Compl., ¶¶ 91, 94, 102.

6

Plaintiffs have therefore failed to plausibly allege direct infringement by a WOW subscriber. *See, e.g.*, *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018) ("The direct infringement claim fails because Gonzales's status as a registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer. Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer.").

    2. <u>Plaintiffs do not plausibly allege infringement of their reproduction rights</u>

To adequately allege infringement of Plaintiffs' reproduction rights under 17 U.S.C. § 106(1), Plaintiffs must allege facts plausibly showing that a WOW subscriber downloaded copyrighted material from another BitTorrent user using WOW's network. *See, e.g.*, *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) (downloading copyrighted material violates the reproduction right, while uploading copyrighted material violates the distribution right). Plaintiffs have failed to allege such facts.

Plaintiffs do not allege that Maverickeye detected, or is capable of detecting, a WOW user downloading an allegedly infringing movie file over WOW's network. Taking Plaintiffs' allegations as true, Maverickeye can only detect distribution of an allegedly infringing file; it does not detect how the BitTorrent user originally obtained the file. Compl., ¶¶ 94–96. In other words, Plaintiffs only allege that BitTorrent users allegedly uploaded Plaintiffs' copyrighted works to other BitTorrent users, which is not reproduction under § 106(1). Compl. at ¶ 95 ("Defendants' subscribers' computers used the identified IP addresses … in order to transmit a full copy, or a portion thereof"). The Court should therefore dismiss Plaintiffs' claims to the extent Plaintiffs allege direct infringement of their reproduction rights.

7

### B.     Plaintiffs Fail to Plausibly Allege that WOW Committed Contributory Infringement

In addition to failing to plausibly allege direct infringement, Plaintiffs have also failed to plausibly allege the remaining elements of a contributory infringement claim: "knowledge by the defendant of the direct infringement" and "material contribution to the infringement." *See Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1035, 1057–58 (D. Colo. 2012) (citations omitted).

#### 1.     Plaintiffs Fail to Plausibly Allege that WOW had Knowledge of Specific Instances of Direct Infringement

Maverickeye's emails to WOW are the sole basis for WOW's alleged "knowledge . . . of the direct infringement." *Shell*, 899 F. Supp. 2d at 1057–58; Compl. at ¶ 107.

Maverickeye's conclusory emails could not confer knowledge of copyright infringement. Taking Plaintiffs' allegations as true, Maverickeye provided no documentation demonstrating that a user of WOW's network possessed, shared, or even offered to share the allegedly infringing movie file identified in the email; no evidence or information demonstrating that the allegedly infringing file is copyrighted; and no evidence or information that would enable WOW to verify Maverickeye's allegations. *See* Ex. 3 to Compl. (ECF No. 1-3).

Thus, as a matter of law, Plaintiffs' allegations regarding Maverickeye's emails are insufficient to show that WOW had knowledge of any specific instance of direct copyright infringement by a WOW subscriber.[3]  *See Napster*, 239 F.3d at 1021 ("[F]or the operator to have sufficient knowledge, the copyright holder must provide the necessary documentation to show there is likely infringement."); *Religious Tech. Ctr. v. Netcom On-Line Cmmc'n Servs., Inc.*, 907 F. Supp. 1361, 1374 (N.D. Cal. 1995) ("Where a [defendant] cannot reasonably verify a claim of

---

[3] There is also a temporal problem with Plaintiffs' entire liability theory. Taking Plaintiffs' allegations as true, Maverickeye gave WOW notice of instances of copyright infringement ***that had already occurred***. *See, e.g.*, Compl., 91–97. Thus, Plaintiffs have necessarily failed to allege that WOW "contributed" to the alleged infringements reflected in Maverickeye's emails.

infringement . . . the operator's lack of knowledge will be found reasonable and there will be no liability for contributory infringement for allowing the continued distribution of the works on its system.").

The Court should therefore dismiss Plaintiffs' Count I for failure to state a claim.

2. <u>Plaintiffs Fail to Plausibly Allege any Conduct by WOW that Supports Contributory Liability</u>

"One infringes contributorily by intentionally inducing or encouraging direct infringement." *La Resolana Architects, PA v. Reno, Inc.,* 555 F.3d 1171, 1181 (10th Cir. 2009) (quoting *Metro-Goldwyn-Mayer Studios v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). To sufficiently allege that WOW induced or encouraged contributory infringement, Plaintiffs must allege facts showing that WOW offered its internet service "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Grokster*, 545 U.S. at 936–37.

Plaintiffs' sole allegation of an "affirmative step" is that WOW promoted infringement by advertising faster speeds. Compl., ¶¶ 144–150. "An allegation that a defendant merely provided the means to accomplish an infringing activity is insufficient to allege a claim for contributory infringement." *Viesti Assocs., Inc. v. Pearson Educ., Inc*., No. 1:12-cv-2240, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013) (citing *Grokster, Ltd.*, 545 U.S. at 937); *see also Tarantino v. Gawker Media, LLC*, No. 2:14-cv-603, 2014 WL 2434647, at *3 (C.D. Cal. Apr. 22, 2014) (same). "Rather, liability exists if the defendant engages in personal conduct that encourages or assists the infringement." *Viesti*, 2013 WL 4052024, at *7.

Accordingly, Plaintiffs' claim fails because Plaintiffs have not alleged "active steps taken to encourage direct infringement." *Grokster*, 545 U.S. at 936; *see also Luvdarts LLC v. AT&T Mobility, LLC*, No. 2:10-cv-05442, 2011 WL 997199, at *2 (C.D. Cal. Mar. 17, 2011) (plaintiffs

9

failed to state a claim against wireless carriers because they did not allege "that Defendants' networks were designed with the 'object of promoting' infringement of Plaintiffs' copyrights," did not allege "a 'clear expression,' 'other affirmative steps,' or 'specific acts' taken by Defendants that actively encourage or induce infringement," and did not allege "that Defendants undertook 'any substantial promotional or advertising efforts to encourage infringing activity'").

Plaintiffs have also failed to allege that WOW acted with "culpable intent." *Grokster, Ltd.*, 545 U.S. at 934. Absent evidence of intent, a court is unable to find contributory copyright infringement merely based on a failure to take affirmative steps to prevent infringement. *Plan Pros, Inc. v. Torczon*, No. 8:08-cv-136, 2010 WL 11523879, at *4 (D. Neb. Nov. 17, 2010). There are no such allegations here.

Even if Plaintiffs had adequately alleged intent and inducement or encouragement— which they have not—Plaintiffs have still failed to state a claim because WOW's internet service is capable of "'substantial' or 'commercially significant' noninfringing uses." *Grokster,* 545 U.S. at 942 (Ginsburg, J., concurring). The sale or distribution of a product used for direct copyright infringement "does not constitute contributory infringement if the product is widely used for legitimate, unobjectionable purposes. Indeed, it need merely be capable of substantial noninfringing uses." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984); *see also Smith v. BarnesandNoble.com*, LLC, 143 F. Supp. 3d 115, 124 (S.D.N.Y. 2015) ("The [*Sony*] rule requires a court to determine whether a product or service is *capable* of substantial non-infringing uses, not whether it is currently used in a non-infringing manner."). Here, Plaintiffs cannot seriously dispute that WOW's internet service is capable of substantial noninfringing uses. *See, e.g.*, *Cobbler Nevada*, 901 F.3d at 1149 ("Providing internet access can hardly be said to be distributing a product or service that is not capable of substantial or

10

commercially significant noninfringing uses.") (internal citations omitted).  Plaintiffs certainly do not allege otherwise.

For all of these reasons, Plaintiffs have failed to state a contributory infringement claim against WOW.

### C. Plaintiffs Fail to Plausibly Allege that WOW Committed Vicarious Infringement

To state a claim for vicarious infringement, Plaintiffs must plausibly allege that WOW has (1) a direct financial interest in the infringing activity and (2) the right and ability to supervise the infringing activity or the infringer.  *See Shell*, 899 F. Supp. 2d at 1035.  Plaintiffs fail to plausibly allege either of these elements.

#### 1. Plaintiffs fail to plausibly allege that WOW has any direct financial interest in its subscribers' alleged infringement

To state a claim, Plaintiffs must plausibly allege that WOW derived a direct, financial benefit from the infringement purportedly conducted by its subscribers.  *See, e.g.*, *Viesti*, 2013 WL 4052024, at *6.  Plaintiffs must allege <u>more</u> than the mere receipt of "flat periodic payments for service."  *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) ("Perfect 10 only alleges that 'CWIE hosts websites for a fee.' This allegation is insufficient to show that the infringing activity was 'a draw' as required by Ellison.").  Instead, courts require a claimant to establish that the service provider "attracted or retained subscriptions because of the infringement or lost subscriptions because of [the] eventual obstruction of the infringement."  *Ellison*, 357 F.3d at 1079.  Thus, the relevant inquiry "is whether the infringing activity constitutes a draw for subscribers, not just an added benefit."  *Id*.; *see also Perfect 10*, 488 F.3d at 1117–18.

Plaintiffs' allegations do not meet this standard.  In fact, Plaintiffs' allegations show that the ability to conduct infringement was *not* a draw for subscribers, as demonstrated by Exhibit 4

11

to the Complaint, which purports to be a declaration from a WOW subscriber stating "I disposed of a working laptop that was the source of the infringing activity out of fear of my service being terminated."  (ECF No. 1-4).  The only financial benefit that Plaintiffs allege is the receipt of flat fees for internet service—which remains the same whether WOW's subscribers infringe Plaintiffs' copyrights or not.  *See* Compl., ¶¶ 145-148.  Therefore, the Complaint lacks plausible allegations detailing how WOW profited *directly* from the alleged infringement, which renders any financial benefit from the alleged infringement attenuated or incidental, and not "direct."

In *Bright House*, a recent case with similar allegations of vicarious copyright infringement, the court granted the defendant's motion to dismiss because the plaintiff failed to allege that "the availability of infringing content provides the main customer 'draw' to the service."  *UMG Recordings, Inc. et al. v. Bright House Networks, LLC*, No. 8:19-cv-710, 2020 WL 3957675, at *4 (M.D. Fla. July 8, 2020) (emphasis added).  In so concluding, the *Bright House* declined to follow this Court's previous "expansive interpretation" of the financial benefit requirement.  *See id.* at *7 (declining to follow *Warner Records Inc. v. Charter Commc'ns, Inc.*, 454 F. Supp. 3d 1069 (D. Colo. 2020)).  WOW respectfully submits that the *Bright House* court's reasoning is sound and should be followed in this case.

Because Plaintiffs fail to allege facts showing that WOW directly benefited from the alleged infringement, the Court should dismiss Plaintiffs' vicarious infringement claim.

        2.       <u>Plaintiffs fail to plausibly allege that WOW has the ability to supervise and control the purported infringement</u>

Vicarious liability is premised on a party's ability to stop a third-party from committing direct infringement.  *See, e.g.*, *Perfect 10,* 508 F.3d at 1175.  "[A] defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."  *Id.* at 1173 (citing *Grokster,* 545 U.S. at 930).

12

Plaintiffs allege that WOW is vicariously liable because it has the ability to terminate subscribers that are suspected of engaging in copyright infringement. *See, e.g.*, Compl. at ¶ 129. However, Plaintiffs do not allege that WOW has control over how its subscribers obtain, store, or share content over the internet. *See generally id.* Plaintiffs' vicarious infringement allegations are therefore insufficient to state a claim. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 803 (9th Cir. 2007) ("Defendants could likely take certain steps that may have the *indirect effect* of reducing infringing activity on the Internet at large. However, neither Google nor Defendants has any ability to *directly control* that activity . . . .") (emphasis added).

## V.     THE COMPLAINT FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF

Plaintiffs' Count III fails to state a claim for injunctive relief under 17 U.S.C. § 502 and the DMCA, 17 U.S.C. § 512(j). Plaintiffs' allegations fail to address several of the necessary elements of injunctive relief, such as irreparable harm, that the threatened injury outweighs the harm to the defendant, and the public interest in injunctive relief. *See* Compl., ¶¶ 163–68. Furthermore, there is no authority that authorizes the unprecedented injunctive relief Plaintiffs are seeking, such as requiring WOW to (1) block access to certain websites for all users of its network, (2) terminate every subscriber for whom WOW receives more than three copyright infringement complaints in 72 hours, and (3) disclose to Plaintiffs the identities of subscribers accused of copyright infringement. *See* Compl., ¶ 168 & Prayer for Relief (B-D).

## VI.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6) for failure to state a claim.

Dated:  September 20, 2021

Respectfully submitted,


By: */s/ Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621–5070 (telephone)
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com

*Attorneys for WideOpenWest Finance, LLC*

14

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/Zachary C. Howenstine*
