IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1901-DDD-MEH

AFTER II MOVIE, LLC, et al.,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

**MOTION FOR ORDER AUTHORIZING DISCLOSURE OF DEFENDANT'S SUBSCRIBERS' IDENTITIES AND ORDERING DEFENDANT TO BEGIN NOTIFICATION PROCESS**

---

Pursuant to *Federal Rules of Civil Procedure* ("FRCP") 26(b)(1) and 47 U.S. Code § 551 ("Cable Act"), Plaintiffs AFTER II MOVIE, LLC, et al. ("Plaintiffs") hereby submit their motion, memorandum in support, and proposed order authorizing Defendant WIDEOPENWEST FINANCE, LLC ("Defendant") to disclose its subscribers' identities and ordering Defendant to begin the notification process immediately. Pursuant to D.C.Colo.LCivR 7.1(a), the undersigned counsel conferred with counsel for Defendant concerning this motion.

**I.     BRIEF FACTUAL HISTORY**

    1.     On October 1, 2021, Plaintiffs filed their First Amended Complaint ("FAC") [Doc. #25]. On October 29, 2021, Defendant filed its motion to dismiss the FAC ("Motion to Dismiss") [Doc. #35].

20-0231A

2. The parties conducted their Rule 26(f) conference on October 12, 2021 and November 4, 2021 and agreed to a proposed scheduling order in which discovery would be staged in order to save time and resources. *See* Proposed Joint Scheduling Order [Doc. #38] at pgs. 8-9.

3. Stage 1 discovery begins after the Court enters an order denying, in whole or in part, Defendant's Motion to Dismiss, lasts 100 days and is limited to Defendant's safe harbor defense under 17 U.S.C. § 512(a). *See Id.*

## II.     RELEVANT LAW

4. FRCP 26(b)(1) provides that Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

5. The Cable Act under 47 U.S. Code § 551(c)(2)(B) provides that a cable operator may disclose personally identifiable information concerning any subscriber if (i) the disclosure is made pursuant to a court order authorizing such disclosure and (ii) if the subscriber is notified of such order by the person to whom the order is directed.

## II.     ARGUMENT

6. At the beginning of Stage 1, Plaintiffs intend to propound a Request for Productions of Documents ("RPOD") under FRCP 34 on Defendant to obtain the identification information for subscribers assigned Internet Protocol ("IP") addresses where Plaintiffs have possession of infringements of copyright protected Works. Plaintiffs have already requested that Defendant preserve the data for the identification

2

20-0231A

information[1]. *See* Joint Motion for Protective Order (to be filed).

7. Assuming *arguendo* that Defendant is a cable operator, the Cable Act requires a Court's authorization for Defendant to disclose subscriber identities.

8. The identification information of Defendant's subscribers that directly infringed copyright protected Works including Plaintiffs is relevant to Plaintiffs' claims of secondary liability for copyright infringement and proportional to the needs of this case.

9. The identification information is also relevant for rebutting Defendant's safe harbor defense, including proving that Defendant has failed to implement a robust policy for copyright infringement, including permanent termination of services for repeat infringers as it asserts in pg. 5 of its Motion to Dismiss. Particularly, the identification information will show that it refuses to terminate the accounts of its subscribers that are pirating Plaintiffs' Works thousands of times in response to these Notices (*see* FAC at ¶10).

10. This Court has granted a similar order in *Warner Bros. Records Inc., et al. v. Charter Communications, Inc.* where the defendant cable operator was ordered to disclose identifying information for both its commercial and residential subscribers. *See Warner Bros. Inc.*, Civil Action No. 19-cv-00874-RBJ-MEH, Doc. #182 (D. Colo. Apr. 15, 2020) (finding discovery request of subscriber identities to be "relevant and proportional to the needs of the case, considering the importance of the issues at stake in the action and the amount in controversy.")

---

[1] Plaintiffs have attached Exhibit "1", which is an excerpt of the infringing IP addresses dates included in the data preservation request.

3

20-0231A

11. Accordingly, Plaintiffs move this Court to grant authorization to Defendant to disclose it subscribers' identities.

12. Assuming *arguendo* Defendant is a cable operator, the cable act further requires Defendant to notify its subscribers before disclosing their identities to Plaintiffs to give the subscribers an opportunity to raise objections in this Court.

13. However, Plaintiffs only have 100 days to conduct discovery during Stage 1. *See* Proposed Joint Scheduling Order [Doc. #38] at pg. 8. In order to preserve time and efficiency, Plaintiffs request that the Court order Defendant to begin the subscriber notification process immediately so that any objections of subscribers can be resolved before Stage 1, and Plaintiffs can serve the RPOD on Defendant at the beginning of Stage 1 and obtain the subscribers identities immediately.

14. Accordingly, pursuant to FRCP 26(b)(1) and 47 U.S. Code § 551, Plaintiffs respectfully request that this Court authorize disclosure of Defendant's subscribers and order Defendant to begin the notification process immediately.

Dated:  November 23, 2021 Kailua Kona, HI 96740

Respectfully submitted,

/s/ Kerry S. Culpepper
Kerry S. Culpepper
Joshua Lee
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:
kculpepper@culpepperip.com
*Attorney for Plaintiffs*

4

20-0231A

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1)

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Margaret R. Szewczyk     mszewczyk@atllp.com, iplitstaff@armstrongteasdale.com

Richard L. Brophy     rbrophy@atllp.com, iplitstaff@armstrongteasdale.com

Zachary Charles Howenstine     zhowenstine@armstrongteasdale.com, drichert@armstrongteasdale.com, iplitstaff@armstrongteasdale.com

DATED: Kailua-Kona, Hawaii, Nov. 23, 2021.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs

20-0231A