IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| AFTER II MOVIE, LLC, et al., | )<br>) |
| Plaintiffs, | ) Case No. 1:21-cv-01901-DDD-MEH<br>) |
| vs. | )<br>) |
| WIDEOPENWEST FINANCE, LLC., | )<br>) |
| Defendant. | )<br>) |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs After II Movie, LLC, et al. ("Plaintiffs") and Defendant WideOpenWest Finance LLC ("Defendant") jointly move for the entry of a protective order governing materials and information exchanged in discovery in this matter.

The parties have met and conferred about the terms of a protective order but were unable to reach agreement on two principal issues. As a result, the parties now ask the Court to resolve their disputes and enter a protective order in a form approved by the Court. *See* Ex. A (Proposed Protective Order). The parties' competing positions are set forth below, and the parties will be prepared to address these matters at the December 1, 2021 scheduling conference.

**DISPUTED ISSUE #1:    USE OF PROTECTED INFORMATION**

The parties' first dispute concerns paragraph 4 of the proposed protective order, governing the use of protected information. Plaintiffs propose an addition to paragraph 4, which is set forth in brackets below:

    4.    All Protected Information provided by any party or nonparty in the course

1

of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.  [***Plaintiffs' Proposed Addition:*** *except for as provided in a separate order providing disclosure.  For the avoidance of doubt, the Plaintiffs are not limited from using subscriber information to pursue legal relief against certain subscribers.*]

*See* Ex. A at 5.

**Plaintiffs' Position:**

Defendant makes clear in its Motion to Dismiss [Doc. #35] ("Mot.") that it believes it has no obligation to take actions on the Notices of infringement Plaintiffs' agent has sent because "Plaintiffs do not and cannot allege that WOW has any ability to verify allegations like these." Mot. at pg. 3.   Plaintiffs dispute this contention.  Nonetheless, since Defendant refuses to terminate the accounts of its customer that are pirating Plaintiffs' Works *thousands of times* in response to these Notices (*see* FAC at ¶10), Plaintiffs must preserve their opportunity to take actions to protect their valuable copyrights from the piracy of Defendant's customers, including seeking injunctive relief against Defendant's customers.  Defendant simply cannot identify any cognizable harm from permitting Plaintiff to pursue legal relief against some of its most egregious customers besides loss of profits from its customer's piracy rather than requiring Plaintiffs to file John Doe lawsuits – the same type of lawsuits Defendant criticizes in its Motion. Defendant compares Plaintiffs' request to the protective order of *Warner Records Inc., et al. v. Charter Communications, Inc.* However, the claims period in *Warner* concerned prior infringement per an agreement of the parties.  *See* Complaint [Doc. #1] of *Warner* at pg. 5 ("Plaintiffs seek relief for claims that accrued between March 24, 2013 and May 17, 2016 for

2

infringement of works by Charter subscribers after those particular subscribers were identified to Charter in multiple infringement notices. These claims have been preserved through tolling agreements entered into with Charter in March, April, and June 2016, as applicable"). In comparison, the present case concerns active ongoing piracy.

Alternatively, Plaintiffs are willing to drop their request for this provision if Defendant will stipulate to an injunction to do what it claims it is already doing – terminate the accounts of its customers for which it receives multiple notices of infringement.

**Defendant's Position:**

Plaintiffs are effectively seeking an order that would prohibit Defendant from designating confidential, non-public information about Defendant's subscribers as protected information.

Plaintiffs should not be permitted to use information properly designated Confidential or Highly Confidential outside of this case, or specifically to file lawsuits against Defendant's customers. This is a standard provision of a protective order. *See, e.g.*, *Condor v. W. Bountiful City*, No. 2:07-cv-924, 2008 WL 4200605, at *4 (D. Utah Sept. 9, 2008) ("To aid the parties in drafting a protective order that is satisfactory to the court, the court notes that protective orders typically provide that . . . the information subject to the protective order is to be used solely for the purposes of the instant litigation and cannot be used for any other purpose . . . ."). For example, the stipulated protective order in *Warner Records Inc., et al. v. Charter Communications, Inc.*, which involves similar claims of secondary copyright infringement against an internet service provider, contains this standard provision. *See* Stipulated Protective Order ¶ 3 (ECF No. 63), No. 1:19-cv-00874-RBJ-MEH (D. Colo.).

Plaintiffs cannot show good cause to deviate from the customary rule that protected information can only be used for purposes of the instant case. The protective order provides a

mechanism for obtaining an exception, and Plaintiffs should follow that procedure in the event they claim to have a legitimate need to use specific protected information for other purposes. *See* Ex. A ¶ 33. Plaintiffs' counsel has filed many John Doe lawsuits against alleged copyright infringers without first obtaining discovery from the defendant's internet service provider, so they cannot claim to have no other way to pursue their claims, regardless of the timeframe of the alleged infringement. The Court should therefore enter Defendant's proposed protective order and take up any request for an exception on a case-by-case basis, after the parties have met and conferred and failed to resolve the issue by agreement.

**DISPUTED ISSUE #2:     TRADE SECRETS**

The parties' second dispute concerns whether there should be a separate, higher level of protection for trade secrets. In Exhibit A, Plaintiffs propose four additional provisions regarding trade secrets, to which Defendant does not agree:

> (ii)     *HIGHLY CONFIDENTIAL – TRADE SECRET Information.* A producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, may redact information it considers *HIGHLY CONFIDENTIAL – TRADE SECRET* from disclosed documents that the producing party considers a trade secret. The producing party who exercises this provision must include this designation along with a brief summary of the general nature of the redacted information without disclosing the trade secret. The producing party that chooses to exercise this provision may not rely on the redacted information in trial, unless the unredacted information is provided to the receiving party before the discovery cut-off.

Ex. A at 4.

    c.    For HIGHLY CONFIDENTIAL – TRADE SECRET Information [the individuals who may access the information are]:

        i.    attorneys who are not employees of any named party to this action, but who are retained as outside counsel by a named party in connection with this litigation, and their support personnel; and

        ii.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

Ex. A at 9.

10.    For any HIGHLY CONFIDENTIAL – TRADE SECRET produced as redacted in discovery, an <u>unredacted copy</u> shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The unredacted copy shall be made available for inspection on a <u>paper hard copy or a</u> secured computer in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the unredacted copy onto any recordable media or recordable device. The designator may visually monitor the activities of the inspecting party's representative during any review, but only to ensure that there is no unauthorized recording, copying, or transmission of the <u>unredacted copy</u>. The designator may also require the inspecting party's representative to execute a non-disclosure agreement to ensure that the representative maintains the confidentiality of the <u>unredacted copy</u>.

      11.      The inspecting party may not request paper copies of <u>unredacted portions</u>. However, the inspecting party may file a motion within <u>ten business days (10 days)</u> of reviewing the unredacted portions to request that the designation be lowered to Attorneys' Eyes Only after meeting and conferring in good faith with the producer/designator.

Ex. A at 11–12.

**Plaintiffs' Position:**

Plaintiffs' counsel told Defendant's counsel *the exact types of information* that it considered trade secrets in a telephone conversation. The information that Plaintiffs seek to protect is so sensitive that they would prefer not to state it in a publicly available document. Plaintiffs are willing to specify the exact types of information in the proposed protective order provided the Court agrees that the unredacted proposed protective order can be filed as a level 1 restricted document restricted to the Court and the parties and the issued unredacted protective order also be issued as a level 1 restricted document. The parties can file a redacted proposed protective order that redacts the "type of information" from the public version of the protective order, and the Court can also issue the redacted protective order to satisfy the public interest.

Defendant's counsel's argument that Defendant will not be able to use the unredacted versions is incorrect. Defendant will be able to view the unredacted versions in a clean room. If Defendant believes Plaintiffs' designation is inappropriate, it can seek legal relief in this Court to lower the designation to use the unredacted portion as evidence. Moreover, the Court can close the courtroom during trial if Defendant needs to use this unredacted portion as evidence during trial.

**Defendant's Position:**

The parties agree that information designated Highly Confidential may only be accessed by outside counsel, subject to certain customary exceptions. Defendant does not believe that any more stringent level of protection is necessary.

Under Plaintiffs' proposal, information designated "trade secret" would be redacted from produced documents and could only be viewed by outside counsel on hard copy or a screen at an agreed location, with no allowance for copying or photos. This effectively means that Defendant would be unable to use Plaintiffs' trade secret information for any purpose unless Plaintiffs consent or the Court lowers the designation. *See* Ex. A at 4, 11. This is exceptionally onerous, and Plaintiffs have not offered a sufficient explanation of why these restrictions are warranted. Plaintiffs have also declined, in response to Defendant's invitation, to specify in the protective order the type of information that Plaintiffs intend to claim is trade secret or to propose procedures under which Defendant would be able to use trade secret information as evidence in this case.

Dated: November 24, 2021                                     Respectfully submitted,

/s/ *Kerry S. Culpepper (with permission)*           /s/ *Angela B. Kennedy*
Kerry S. Culpepper                                                    Richard L. Brophy
Joshua Lee                                                                  Zachary C. Howenstine
CULPEPPER IP, LLLC                                            Margaret R. Szewczyk
75-170 Hualalai Road, Suite B204                          Angela B. Kennedy
Kailua-Kona, Hawaii 96740                                   Armstrong Teasdale LLP
Telephone:     (808) 464-4047                                 7700 Forsyth Blvd., Suite 1800
Facsimile:      (202) 204-5181                                  St. Louis, Missouri 63105
E-Mail: kculpepper@culpepperip.com                   (314) 621–5070 (telephone)
                                                                                   rbrophy@atllp.com
*Attorneys for Plaintiffs*                                          zhowenstine@atllp.com
                                                                                   mszewczyk@atllp.com

                                                                                   *Attorneys for WideOpenWest Finance, LLC*