IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01901-DDD-MEH

AFTER II MOVIE, LLC, *et al.*,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' "Motion for Order Authorizing Disclosure of Defendant's Subscribers' Identities and Ordering Defendant to Begin Notification Process" ("Motion"). ECF 39. The Motion is fully briefed and has been referred to this Court. ECF 44. For the reasons that follow, the Motion is granted.

**I.    Background**

    On December 1, 2021, this Court held a scheduling conference at which the parties discussed the issue of authorizing disclosure of Defendant's subscribers' identities. ECF 45. There, the Court also ordered, at the request of the parties, to stay the case pending a ruling on Defendant's motion to dismiss. *Id.* Although the Court did not enter a scheduling order (due to the stay), the parties submitted a proposed schedule in which discovery would occur in stages. ECF 38. The parties agree that immediately following a ruling on the motion to dismiss, the parties will begin Stage 1 discovery by engaging in "expedited fact discovery limited to [Defendant's] safe harbor defense under 17 U.S.C. § 512(a)." *Id.* at 9.

As discussed at the scheduling conference, Plaintiffs have filed the present Motion, seeking to start the process of Defendant notifying its subscribers in anticipation of beginning discovery. Plaintiffs have expanded on this in their Motion, asserting that during Stage 1 discovery, "Plaintiffs intend to propound a Request for Production of Documents ('RPOD') under [Fed. R. Civ. P.] 34 on Defendant to obtain the identification information for subscribers assigned Internet Protocol ('IP') addresses where Plaintiff have possession of infringements of copyright protected Works." Mot. at 2. Defendant opposes the Motion on two grounds: (1) relevance and (2) burden and proportionality.

## II.     Analysis

Plaintiffs seek disclosure under the Cable Act pursuant to 47 U.S.C. § 551(c)(2)(B), which provides that a cable operator may disclose personally identifiable information concerning any subscriber if "made pursuant to a court order authorizing such disclosure[ and] if the subscriber is notified of such order by the person to whom the order is directed."

### A.     Relevance

Defendant argues that the personally identifiable information of its subscribers is irrelevant to its safe harbor defense. Resp. at 2. The heart of the safe harbor defense is whether Defendant "has adopted and reasonably implemented, and informs subscribers and account holder of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." 17 U.S.C. § 512(i)(1)(A). Courts generally analyze this provision by isolating its components: (1) adoption; (2) implementation; and (3) notification. *E.g.*, *Capitol Records, LLC v. Escape Media Grp., Inc.*, No. 12-cv-6646 (AJN), 2015 WL 1402049, at *5 (S.D.N.Y. Mar. 25, 2015).

Among other arguments, Defendant indicates that it, if its motion to dismiss is not granted, would produce "data reflecting . . . actions [it] has taken in response to complaint, such as notifications to the account holder, account suspensions, and account terminations . . . ." Resp. at 3. But Plaintiffs want to be able to, in essence, cross-check whatever Defendant produces with information from the subscribers themselves. In support, Plaintiffs cite to two declarations attached to the Amended Complaint alleging that "Defendant's assertion that it sends notifications to account holders or suspends accounts" is incorrect. Mot. at 3; ECF 25-8; ECF 25-9. Regardless of whether Plaintiffs are ultimately correct, the Court agrees that the subscribers' personally identifiable information is relevant. *E.g.*, Reply at 3–4 ("Plaintiffs can use the subscriber identification to confirm whether the piracy was done by Defendant's subscriber rather than 'some other user of WOW's network' and determine whether the subscribers received notifications and any disciplinary measures from Defendant."). "Relevancy is broadly construed and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim . . . of any party." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (citations omitted). Thus, even if only slightly, subscribers' personally identifiable information is relevant to the safe harbor defense, if not the case more generally. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (determining that relevancy is a broad standard meant to permit parties to discover information necessary to their case); *see also Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 361 (D. Colo. 2004) (finding party entitled to discovery of relevant matters bearing on claims and defenses).

B. <u>Proportionality</u>

Rule 26 of the Federal Rules of Civil Procedure provides that discovery needs to be relevant and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As described by Defendant,

3

"Plaintiffs want 'identification information' for the WOW subscribers identified, by IP address, in a 'date preservation request letter sent to WOW's counsel on November 8, 2021." Resp. at 5. The requested information would require Defendant to "have to look up the subscriber account associated with each IP address at the time of each of the 34,031 copyright complaints." *Id.* At issue are roughly 14,000 unique IP addresses. *Id.*; Reply at 4.

If this were the standing request of Plaintiffs, the Court would be inclined to agree with Defendant that a proportionality problem exists, especially given the amount of hours Defendant asserts it would take to engage in this process. ECF 48-1, Decl. of Kelly Arnold, at 3, ¶¶ 7–8. However, in their reply, Plaintiffs "lower their request to roughly 2.63 percent of the original requested number of unique IP addresses to substantially reduce [the] burden." Reply at 4. That is, Plaintiffs only request information from eight of the IP addresses listed in Exhibit 2 of the Complaint and 367 "of the top pirating unique IP addresses by notice number for a total of 375." *Id.* at 4–5. This is a more reasonable and proportional request, particularly since Plaintiffs currently calculate their statutory damages at $13,950,000. ECF 38 at 5. The Court understands that Defendant has not responded to this modified request since it was raised in the reply brief. Plaintiffs contend that this is due to Defendant failing to explain its burden argument "during the parties' meet and confer." Reply at 4.[1] Regardless, the Court would have been inclined to reduce the number of subscribers affected even if Plaintiffs had not suggested it. *See Warner Bros. Records Inc., et al v. Charter Comm's*, No. 19-cv-00874-RBJ-MEH, ECF 182, dated June 5, 2020

---

[1] The Court will not delve into whether the meet and confer process actually contained discussion of this issue. However, the Court will emphasize to the parties that the conferral requirement is satisfied only when there is *meaningful* conferral. The process is supposed to allow the parties to resolve as many issues as possible, reserving only those truly in dispute to be resolved by the Court. The Court expects the parties will engage in meaningful conferral on all matters going forward.

4

(special master's order requiring reduced production for subscribers' information). Given Plaintiffs' concession and the amount at stake in this matter, the Court finds the requested information proportional to the needs of this case.

    C.    <u>Timing</u>

Defendant argues that even if the Court finds the discovery to be relevant and proportional, the Court should hold off due to discovery being stayed. Plaintiffs disagree, arguing that the proposed initial discovery is only 100 days. Reply at 6. Plaintiffs request the notification process occur "immediately so that any objections of subscribers can be resolved before Stage 1, and Plaintiffs can serve the Request for Subscriber Identities on Defendant at the beginning of Stage 1 . . . ." *Id.* Alternatively, Plaintiff are "willing to delay the start of the notification process until after the Motion to Dismiss is resolved provided that the [S]tage 1 discovery is also delayed until after Plaintiffs have received the subscriber identifications for the 375 unique IP addresses." *Id.* Honoring the parties' agreement to have the initial stage of discovery be only 100 days, and in the interest of not delaying this case longer than is necessary to have Judge Domenico rule on the motion to dismiss, the Court agrees with immediate notification. Permitting this process to begin now will provide sufficient time to allow for subscribers' potential objections and to let the parties hit the ground running in discovery, assuming the case is not resolved by the motion to dismiss.

**III.**    **Conclusion**

Accordingly, Plaintiffs' Motion [<u>filed November 23, 2021; ECF 39</u>] is **granted**. Pursuant to 47 U.S.C § 551(c)(2)(B), the Court authorizes Defendant to disclose the subscriber identifications to Plaintiffs on commencement of Stage 1 Discovery. The Court further orders Defendant to immediately notify the subscribers of the impending disclosure so that the subscriber identifications can be immediately disclosed upon commencement of Stage 1 Discovery and any

5

objections by subscribers can be promptly resolved. These subscribers shall be limited to, and Plaintiffs will identify for Defendant, eight of the IP addresses listed in Exhibit 2 of the Complaint and 367 of the unique IP addresses. The RPODs and subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

Entered this 19th day of January, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge