**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| AFTER II MOVIE, LLC, et al.,  )<br>  )<br>  Plaintiffs,  )<br>  )<br> vs.  )<br>  )<br> WIDEOPENWEST FINANCE, LLC.,  )<br>  )<br>  Defendant.  )<br>  ) | Case No. 1:21-cv-01901-DDD-MEH |

**OBJECTORS' RESPONSE TO
PLAINTIFFS' OMNIBUS MOTION FOR ORDER OVERRULING OBJECTIONS**

In its January 19, 2022 Order, the Court ordered Defendant WideOpenWest Finance, LLC ("WOW") to give notice to certain internet subscribers that Plaintiffs are seeking discovery of their personal information, so that the affected subscribers would have the opportunity to object to the disclosure under the Cable Act. *See* ECF No. 56 at 5–6. Pursuant to that Order, certain current and former WOW subscribers have objected to the disclosure of their personal information through objections filed by undersigned counsel. Of those objections, Plaintiffs now ask the Court to overrule the objections set forth at ECF Nos. 66, 68, 69, 72, 76–79, 82, 88, 89, 91–98, 101–111, 116, and 118 (the objecting parties collectively, "Objectors").[1] *See generally* Pls.' Omnibus Mot. for Order Overruling Objections (ECF No. 121) ("Pls.' Mot.").

**I.   OBJECTORS HAVE SHOWN THAT THEY HAVE NO ROLE IN THIS LAWSUIT**

The Court should sustain Objectors' objections and deny Plaintiffs' Motion. Plaintiffs offer only bare allegations to attempt to justify highly intrusive discovery of Objectors' names and

---

[1] Objectors' filing does not address unresolved objections filed by *pro se* parties. *See* ECF Nos. 64, 65, 67, 71, 73–75, 80, 83–87, 119. This filing also does not address unresolved objections filed by WOW (ECF No. 115). WOW is filing a separate response in support of those objections.

contact information. While the details of the objections vary, Objectors have all stated, under oath, that (1) they did not commit the alleged acts of copyright infringement (downloading or sharing certain movies allegedly owned by Plaintiffs) and (2) they do not have any other information to provide that might bear on Plaintiffs' accusations. *See generally id.* In response, Plaintiffs offer no **evidence** that would justify destroying Objectors' anonymity and subjecting them to third-party discovery in this case.[2] For this reason alone, the Court should sustain Objectors' objections.

## II. PLAINTIFFS' RELEVANCE ARGUMENTS LACK MERIT

Plaintiffs make two arguments as to why Objectors' personal information is relevant and discoverable, but both lack merit.

First, Plaintiffs incorrectly claim that they need Objectors' personal information to "establish if the IP address was assigned to the same subscriber during the duration for which notices were sent." *See* Pls.' Omnibus Mot. for Order Overruling Objections (ECF No. 121) ("Pls.' Mot."), ¶ 15. Plaintiffs do not need Objectors' names and contact information to determine whether a particular IP address was assigned to one subscriber or multiple subscribers over time. For example, Plaintiffs could simply ask WOW to provide the account number(s) assigned to a given IP address over a particular time period. If the same account number was assigned throughout, then that would show that the IP address had not been reassigned to a different subscriber. There are many ways Plaintiffs could obtain this information directly from WOW through written discovery, such as interrogatories or requests for admissions.

---

[2] Under the circumstances—with Objectors offering sworn statements disclaiming knowledge bearing on Plaintiffs' copyright infringement claims—Plaintiffs have no basis for suggesting that Objectors' objections are "frivolous" or that they are somehow part of WOW's discovery strategy. *See* Pls.' Mot., ¶ 36. It should come as no surprise that Objectors do not want their personal information shared with third parties in a lawsuit.

2

Second, Plaintiffs are also wrong that Objectors' names "are relevant because Plaintiffs can compare subscriber names to the email addresses of the users that registered for accounts with the piracy website YTS [citing ECF No. 25-2] or to those that have boasted on social media how Defendant allows them to pirate content without any problems" [citing Plaintiffs' Second Amended Complaint, ¶ 168]. *See* Pls.' Mot., ¶ 16. As for registered YTS account users, the referenced exhibit—Exhibit 2 to Plaintiffs' Second Amended Complaint—identifies nine specific YTS account holders, by email address, and provides a corresponding IP address for each of them. *See* ECF No. 25-2. None of those IP addresses corresponds to an Objector, and Plaintiffs do not suggest otherwise. Moreover, Plaintiffs could obtain information concerning the alleged YTS users without involving Objectors or other third parties, for example by serving discovery on WOW regarding whether WOW's subscriber records include any of the nine email addresses referenced in Plaintiffs' exhibit.

As to the alleged "boasts" on social media, the referenced paragraph 168 of Plaintiffs' Second Amended Complaint identifies two isolated posts by two anonymous Reddit users— "Servalpur" and "rickselest"—who claimed to be WOW customers eight and four years ago, respectively. *See also* ECF No. 25-2 at ¶¶ 3–4. There is no reason to believe these two users are among the Objectors. In fact, from the objections the Court has received, it is apparent that none of Objectors' names have any passing resemblance or connection to "Servalpur" or "rickselest." *See* ECF Nos. 66, 68, 69, 72, 76–79, 82, 88, 89, 91–98, 101–111, 116, and 118.

Plaintiffs have therefore failed to show that Objectors' personal information has any relevance or utility in this case.

3

### III.  THE COURT SHOULD REJECT PLAINTIFFS' CLAIMS REGARDING BURDEN

The Court should reject Plaintiffs' claims about the lack of any undue burden on Objectors. The threshold question under Rule 26(b)(1) is whether the requested discovery is "relevant to any party's claim or defense and proportional to the needs of the case." As detailed above, Plaintiffs have failed to demonstrate that Objectors' personal information is relevant, and they have also failed to show that revealing Objectors' identities is proportional to the needs of the case. To the extent Plaintiffs need to understand whether specific WOW IP addresses were assigned to the same subscriber over time, or whether WOW adequately implemented and enforced a DMCA safe harbor policy, Plaintiffs can obtain that information directly from WOW. Indeed, in their Motion, Plaintiffs do not represent that they intend to serve subpoenas on or otherwise seek any information directly from Objectors.[3] As such, Plaintiffs have no legitimate or compelling reason to seek Objectors' personal information from WOW.

### CONCLUSION

For the foregoing reasons, the Court should sustain Objectors' objections set forth in ECF Nos. 66, 68, 69, 72, 76–79, 82, 88, 89, 91–98, 101–111, 116, and 118; deny Plaintiffs' Omnibus Motion to the extent Plaintiffs ask the Court to overrule those objections; and grant any other relief the Court deems appropriate.

---

[3] If Plaintiffs do in fact intend to do so, Plaintiffs are obligated to correct the record and make that clear. Any such discovery *would* potentially impose an undue burden on Objectors, and Objectors reserve the right to respond accordingly.

Dated: December 2, 2022

Respectfully submitted,

By: */s/ Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
Angela B. Kennedy
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621–5070
rbrophy@atllp.com
zhowenstine@atllp.com
akennedy@atllp.com

*Attorneys for Objectors*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, I caused a copy of the foregoing to be served upon all counsel of record via email.

By:   */s/ Zachary C. Howenstine*