IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01901-DDD-MEH

AFTER II MOVIE, LLC, *et al.*,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' "Omnibus Motion for Order Overruling Objections and Compelling Defendant to Respond to the Request for Production of Documents" ("Motion"). ECF 121. For the following reasons, the Motion is **granted in part.**

    On January 19, 2022, I issued an Order "authoriz[ing] Defendant to disclose the subscriber identifications to Plaintiffs on commencement of Stage 1 Discovery." ECF 56. I also directed Defendant to notify the subscribers of the expected disclosure so I could deal with any subscriber objections prior to Stage 1 Discovery. *Id.* This Order applied to 375 IP addresses. *Id.* I emphasized that this was an Order pursuant to 47 U.S.C. § 551. *Id.*

    The Court has received approximately fifty objections from nonparty subscribers docketed under restriction. I agree with Plaintiffs that the objections were mainly denials of any personal wrongdoing, and many of the objections left open the possibility that the particular objector's internet may have unknowingly been accessed by relatives, friends, or outsiders.

I have already ordered production of subscriber identifications subject to notice to the subscribers and objections filed by them. *See* ECF 56. Defendant's opposition to the current Motion argues that the Cable Act requires actual notification to subscribers, and Defendant was unable to provide such notice to numerous former subscribers for various reasons. Defendant raises no other objections to the disclosure. I agree in principle that actual notice is preferable, although the case law does not support actual notice as a requirement under the Cable Act.

Defendant did file an "Objectors' Response to Plaintiffs' Omnibus Motion." ECF 123. It asks the Court to sustain the objections made by subscribers who filed written objections with the Court. That Response is based on relevance and proportionality. The Court has already found the information contained in the Response relevant in its prior Order at ECF 56. I find no other basis to reverse the Court's prior decision.

Therefore, as to those subscribers to whom a notice was sent, and for whom Defendant has no factual basis to establish the notice was *not* received, their information shall be produced consistent with the Court's prior Order.

As to those subscribers for whom Defendant has an affirmative factual basis to establish the notice was *not* received, it appears Defendant is continuing to pursue alternative means of providing notice. Resp. at 6. Defendant shall continue those efforts and provide updated information to Plaintiffs' counsel as it becomes available. Plaintiffs may revisit their request for these subscribers' information once Defendant's efforts are completed and the parties can determine how many subscribers fall into the category of not having received actual notice. Even then, I believe the case law interpreting the Cable Act supports production of subscriber information.

The parties have reached an agreement as to deceased subscribers and may proceed according to that agreement.

For the remaining subscribers, Defendant has stated it does not possess their information for various reasons and argues that the Motion is premature. The parties are to confer regarding this issue and attempt, in good faith, to work out a process for Plaintiffs to receive information supporting Defendant's explanations for the unavailability of subscriber information. I am inclined to agree with Plaintiffs that discovery is appropriate concerning the factual basis for Defendant's inability to provide subscriber information.

Consistent with the foregoing, Plaintiffs' "Omnibus Motion for Order Overruling Objections and Compelling Defendant to Respond to the Request for Production of Documents" [filed November 11, 2022; ECF 121] is **granted in part**.

Entered this 15th day of December, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge