**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01901-DDD-MEH

AFTER II MOVIE, LLC, *et al.*,

      Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

      Defendant.

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

**Conference Date**: N/A

**Counsel for Plaintiffs**:
Kerry S. Culpepper
Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204,
Kailua Kona, HI 96740
(808)-464-4047

F. Christopher Austin
Weide & Miller, Ltd.
10655 Park Run Drive, Suite 100,
Las Vegas NV 89144
(702)-382-4804

**Counsel for Defendant**:
Richard L. Brophy
Margaret R. Szewczyk
Zachary C. Howenstine
Angela B. Kennedy
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800,
Saint Louis, MO 63105
(314)-621-5070

1

## 2.  STATEMENT OF JURISDICTION

This Court has original subject matter jurisdiction over Plaintiffs' copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiffs**:

Defendant WideOpenWest Finance, LLC ("WOW") is contributorily and vicariously liable for the direct copyright infringements and DMCA violations of its subscribers, who unlawfully reproduced and distributed via BitTorrent, or other peer-to-peer networks, Plaintiffs' Works with modified copyright management information ("CMI").

Defendant is contributorily liable based upon material contribution for such infringements and DMCA violations because it had knowledge that its network was being used for infringement of Plaintiffs' copyrighted works and DMCA violations, and also knew of specific subscribers engaged in such repeated and flagrant infringement, but nevertheless facilitated, encouraged, and materially contributed to such infringement by continuing to provide its network and facilities necessary for its subscribers to commit repeated infringements and DMCA violations. Defendant also had the means to withhold that assistance upon learning of specific infringing activity by specific users but failed to do so.

Defendant is vicariously liable for such infringements and DMCA violations because it had the legal and practical right and ability to supervise and control the activities that occur through the use of its network, and at all relevant times has had a financial interest in, and derived direct financial benefit from, the infringing use of its network.

b. **<u>Defendant</u>**:

Defendant is not liable for the alleged acts of copyright infringement by its subscribers.

Defendant is shielded from liability by the DMCA safe harbor, 17 U.S.C. § 512(a). Defendant has devoted substantial efforts and resources to developing, implementing, and enforcing a policy for terminating alleged repeat copyright infringers in appropriate circumstances, as required by section 512(i). This policy has been in effect at all relevant times and has led to the permanent termination of hundreds of subscriber accounts. Defendant does not believe there can be any dispute that Defendant satisfies the other requirements for the safe harbor, set forth in section 512(a)(1–5).

Additionally, Defendant is not secondarily liable because Plaintiffs cannot demonstrate that Defendant: (1) took any affirmative steps to induce or encourage infringement, (2) had knowledge of the alleged infringements at issue, (3) has the ability to control or supervise how its customers use its network, or (4) has directly profited from the alleged infringements. Plaintiffs have also failed to plausibly allege direct infringement by any Defendant customer. Additionally, Plaintiffs have failed to state a claim that Defendant is secondarily liable for its customers' alleged violations of 17 U.S.C. § 1202.

c. **<u>Other Parties</u>**:

None at this time.

### 4.  UNDISPUTED FACTS

The parties will endeavor to reach agreement on undisputed facts; however, the parties believe it will be most efficient to address those issues, if at all, after Defendant has answered Plaintiffs' Amended Complaint.

## 5. COMPUTATION OF DAMAGES

At this time, Plaintiffs currently calculate $13,950,000 in statutory damages pursuant to 17 U.S.C. § 504(a) and (c) ($150,000 per each of the 93 Copyrights) and against Defendant and statutory damages of $8,750,000 pursuant to 17 U.S.C. § 1203(c) ($25,000 per each of the 350 DMCA violations) against Defendant. However, Plaintiffs do not foreclose the option to pursue actual damages and Defendant's profits. Plaintiffs reserve the right to revise calculation of damages pursuant to further discovery.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting**.

The parties conferred via teleconference on April 11 and 17, 2023.

b. **Names of each participant and party he/she represented**.

The participants in the Rule 26(f) conferences were Kerry S. Culpepper for Plaintiffs and Angela Kennedy for Defendant.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**.

The parties have stipulated to making Rule 26(a)(1) disclosures on or before May 31, 2023.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**.

None.

e. **Statement concerning any agreements to conduct informal discovery**:

The parties do not believe informal discovery is practicable.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system**.

If the parties deem it practicable, they may transmit productions via online sharing

platforms such as Google Drive or post documents to a joint repository.

The parties are open to conducting depositions remotely, using video-conferencing technology, and agree to work in good faith to resolve by agreement any disputes about whether specific depositions should be conducted in person or remotely.

The parties agree to use a unified exhibit numbering system to the extent practicable.

The parties agree that each group of commonly-owned Plaintiffs may be treated as a single entity for purposes of serving discovery, responding to discovery requests, and providing Rule 30(b)(6) deposition testimony. Plaintiffs have informally provided information about their ownership structures. Defendant agrees to proceed with discovery, if necessary, based on that information, while reserving the right to seek formal discovery on the subject and/or dispute the accuracy of Plaintiffs' representations.

As described in Section 9, the parties propose staged discovery, with 200 days of discovery limited in the first instance to issues relevant to Defendant's DMCA safe harbor defense (to be followed by motion(s) for summary judgment regarding the safe harbor). This procedure is in the interest of reducing the parties' litigation costs, as it may significantly advance the resolution of this matter without imposing the costs and burdens associated with full fact discovery.

In order to limit the parties' discovery costs and burdens, Defendant stipulates that Defendant will not raise any defense in this action asserting that a parent, subsidiary, or affiliate of Defendant, and not Defendant, is the proper defendant to any allegation or claim in Plaintiffs' Amended Complaint. The purpose of this stipulation is to avoid potentially costly and burdensome discovery regarding the relationship between such entities and the nature of their involvement, if any, in the conduct and events alleged in the Amended Complaint.

The parties will continue to consider whether additional agreements may reduce the cost of litigation.

> **g.** **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims or defenses will involve electronically stored information, the extent of which is currently unknown. The parties are negotiating the terms of a protective order and protocol for exchanging ESI.

> **h.** **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties believe that a prompt settlement is unlikely.

## 7. CONSENT

All parties    □ [have]    X    [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

> **a.** **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Subject to the parties' agreement regarding groups of Plaintiffs being treated as single entities for discovery purposes, the parties agree that no limitations to the number of depositions and interrogatories, other than those imposed by the Federal Rules, are necessary.

> **b.** **Limitations which any party proposes on the length of depositions.**

The parties agree that no limitations to the length of depositions, other than those imposed by the Federal Rules, are necessary. The parties agree to work in good faith to resolve by agreement any disputes about the amount of time needed for Rule 30(b)(6) depositions where

more than one witness is designated to testify in response to a notice.

**c.** **Limitations which any party proposes on the number of requests for production and/or requests for admission**.

Subject to the parties' agreement regarding groups of Plaintiffs being treated as single entities for discovery purposes, the parties agree that no limitations to the number of requests for production and/or requests for admission, other than those imposed by the Federal Rules, are necessary.

**d.** **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**:

The parties agree that any interrogatories, requests for production of documents, or requests for admissions must be served no later than thirty days prior to the discovery deadline in this case.

**e.** **Other Planning or Discovery Orders**

The Court has already entered a protective order in this case. Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(C) of Magistrate Judge Hegarty's Practice Standards for Civil Actions.

## 9. CASE PLAN AND SCHEDULE

**a.** **Deadline for Joinder of Parties and Amendment of Pleadings:**

June 5, 2023.

**b.** **Discovery Cut-off:**

See below.

c. **Dispositive Motion Deadline:**

The parties propose the following case schedule, which includes deadlines for completing fact discovery and filing dispositive motions. As noted above, in the interest of reducing litigation costs and streamlining the resolution of this matter, the parties propose to stage discovery such that the Court can consider Defendant's DMCA safe harbor defense prior to full fact discovery.

This proposed schedule is also intended to accommodate the fact that counsel for both parties will be largely unavailable for substantial periods of time in the upcoming months due to trials in other matters. For example, Defendant's counsel have a multi-week trial scheduled to begin on April 24, 2023. The parties agree to work in good faith to resolve by agreement any scheduling issues that might arise in connection with these obligations.

| Activity/Event | Date |
| --- | --- |
| Commencement of expedited fact discovery limited to WOW's safe harbor defense under 17 U.S.C. § 512(a) | The date on which the Court enters the scheduling order |
| Deadline to complete expedited discovery | 200 days from preceding event

The parties agree that this deadline shall be tolled if, at the time the deadline is reached, there is a pending motion before the Court that affects a party's right to discovery asserted to be related to Defendant's safe harbor defense. The parties further agree that in this situation, the deadline shall be tolled until such time as any party ordered to provide additional discovery has complied with the Court's order. However, such tolling shall not entitle any party to serve additional discovery requests that could have been served during the initial 100-day discovery period.

The parties agree to work in good faith to resolve by agreement any disputes concerning the need to extend this discovery period because a discovery dispute or discovery-related delay impacted a party's ability to |

| | |
|---|---|
| | conduct discovery. |
| Deadline to file dispositive motions regarding Defendant's section 512(a) safe harbor defense | Thirty days from preceding deadline |
| Commencement of full fact discovery under the Federal Rules | The date on which the Court enters an order denying, in whole or in part, Defendant's motion for summary judgment regarding its section 512(a) safe harbor defense |
| Mediation/ADR/Settlement Conference | Within ninety days of preceding event |
| Deadline to complete all fact discovery (the parties may conduct additional discovery beyond the deadline by agreement) | 365 days from the date on which the Court enters an order denying, in whole or in part, Defendant's motion for summary judgment regarding its section 512(a) safe harbor defense.<br><br>The parties agree that this deadline shall be tolled if, at the time the deadline is reached, there is a pending motion before the Court that affects a party's right to discovery asserted. The parties further agree that in this situation, the deadline shall be tolled until such time as any party ordered to provide additional discovery has complied with the Court's order. However, such tolling shall not entitle any party to serve additional discovery requests that could have been served during the discovery period. |
| Deadline for service of Plaintiffs' expert reports and other materials required by Rule 26(a)(2) | Forty-five days from preceding deadline |
| Deadline for service of Defendant's expert reports and other materials required by Rule 26(a)(2) | Forty-five days from preceding deadline |
| Deadline to complete all expert depositions | Thirty days from preceding deadline |
| Deadline to file dispositive motions regarding issues other than Defendant's section 512(a) safe harbor defense, and to file motions regarding the admissibility of expert testimony | Thirty days from preceding deadline |

**d. Expert Witness Disclosure**

1. <u>The parties shall identify anticipated fields of expert testimony, if any.</u>

Plaintiffs anticipate using experts regarding copyright infringement, infringement notices, systems for identifying and terminating repeat copyright infringers, data hosting, behavior of subscribers and financial experts.

Defendant anticipates offering expert testimony regarding the functionality of the Maverickeye software and damages, and regarding any other topics on which Plaintiffs offer expert testimony.

2. <u>Limitations which the parties propose on the use or number of expert witnesses.</u>

None.

3. <u>The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:</u>

See above.

4. <u>The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:</u>

See above.

**e. Identification of Persons to Be Deposed:**

The parties are presently unable to list the names of persons to be deposed, as the parties have not yet exchanged Initial Disclosures.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A Final Pretrial Conference will be held in this case by District Judge Domenico. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement**.

None at this time.

b. **Anticipated length of trial and whether trial is to the court or jury**.

Plaintiffs demand a jury trial. The parties estimate that the trial in this matter will take two to three weeks.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301**.

N/A

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order shall be amended by consent of the parties and/or upon a showing of good cause as ordered by the Court.

DATED at Denver, Colorado, this 19th day of April, 2023.

BY THE COURT:

S/Michael E. Hegarty
Honorable Michael E. Hegarty
United States Magistrate Judge

APPROVED:

/s/ *Kerry S. Culpepper*
Kerry S. Culpepper
Joshua Lee
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiffs

/s/ *F. Christopher Austin*
F. Christopher Austin
Weide & Miller, Ltd.
10655 Park Run Drive, Suite 100, Las Vegas
NV 89144
(702)-382-4804
Attorney for Plaintiffs

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine
Margaret R. Szewczyk
Richard L. Brophy
Angela B. Kennedy
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070
Attorneys for Defendant