**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-1901-DDD-MEH

AFTER II MOVIE, LLC, et al.,

      Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

      Defendant.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED AND**
**SUPPLEMENTAL COMPLAINT**

      Pursuant to Fed. R. Civ. P. 15(a)(2) and (d), Plaintiffs hereby submit their motion for leave to file a Second Amended and Supplemental Complaint ("SAC"). Pursuant to D.C.Colo.LCivR 15.1(b) Plaintiffs have attached a marked-up copy of the proposed SAC and Exhibits 1 and 7 as Exhibit "A" and a clean version of the proposed SAC as Exhibit "B".

      Pursuant to D.C.Colo.LCivR 7.1(a), Plaintiffs' counsel met and conferred with counsel for Defendant (Zachary Howenstine) concerning the relief sought by emailing him a copy of proposed SAC on May 30, 2023 and by Zoom on May 31, 2023. On May 31, 2023, Defendant's counsel stated that Defendant had not yet decided its position on this motion. Defendant's counsel declined to agree to a joint motion to extend the deadline to amend the pleadings.

**I.      INTRODUCTION**

20-0231A

1.      Plaintiffs, the producers of films such as *Hellboy*, *I Feel Pretty*, *Dallas Buyer's Club* and *The Last Full Measure,* brought this suit against Defendant WideOpenWest Finance, LLC ("Defendant") for secondary liability for mass piracy of Plaintiffs' films by users of Defendant's internet services.   Defendant received tens of thousands of notices from Plaintiffs' agents about specific instances of infringement of Plaintiffs' films using Defendant's services.   *See* First Amended Complaint [Doc. #25] ("FAC") at ¶¶43-44.  Yet, Defendant failed to take simple steps to prevent further piracy, such as even suspending the accounts of known, repeat infringers.  *See id.* ¶¶169-178. Instead, Defendant continued to provide services to these users despite its knowledge of their repeat infringements.  *Id.*

2.      Plaintiffs seek leave to file the SAC that further joins as Plaintiffs: (i) AFTER PRODUCTIONS, LLC; (ii) AFTER WE FELL PRODUCTIONS, LTD; (iii) AFTER EVER HAPPY PRODUCTIONS, LTD; (iv) CHASE FILM NEVADA, LLC; (v) JOLT PRODUCTIONS, INC., (vi) THE GUARD PRODUCTIONS, LTD; and (vii) TIL PRODUCTIONS, INC. and their respective Works; adds additional Works for Plaintiff Screen Media Ventures, LLC that were infringed by Defendant's subscribers; deletes Plaintiffs and Works that are no longer part of the case and adds and clarifies factual allegations concerning the agents that sent notices to Defendant.  The titles of Proposed Plaintiffs (i)-(iii) are part of the *After* franchise, namely the prequel and sequels to *After We Collided*.  Proposed Plaintiff (iv) is an affiliate of Voltage Pictures, LLC.  Proposed Plaintiffs (v) – (vii) are affiliates of Millennium Media, Inc.

## II.    BRIEF FACTUAL HISTORY

2

20-0231A

3.      On October 1, 2021, Plaintiffs filed their FAC [Doc. #25] which is the operative pleading, asserting claims for contributory copyright infringement (Count I), vicarious infringement (Count II), application for injunctive relief (Count III), and secondary liability for DMCA violations (Count IV).

4.      On Mar. 31, 2023, the Court issued the Order [Doc. #128] on Defendant's Motion to Dismiss [Doc. #35] dismissing Count III but denying dismissal of Counts I-II and IV.

5.      On April 14, 2023, Defendant filed its Answer [Doc. #140] to the FAC.

6.      On April 19, 2023, the Court entered the Scheduling Order [Doc. #142] setting a deadline of June 5, 2023 for joinder of parties and amendment of pleadings.

### III.    RELEVANT LAW

7.      Federal Rule of Civil Procedure 15(a)(2) permits amendment of the pleadings with the court's leave, which the Court should give freely. *See* Fed. R. Civ. P. Rule 15(a)(2).

8.      Courts consider (i) bad faith or dilatory motive on the movant's part, (ii) undue delay, (iii) prejudice to the opposing party, and (iv) futility in reviewing a plaintiff's request to amend the complaint under Rule 15(a).  *See Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

9.      Rule 15(d) permits "a party to serve a supplemental pleading setting out any transaction…that happened after the date of the pleading to be supplemented."

10.     Leave to file a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker v.*

20-0231A

*United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (citation omitted).

## IV.    ARGUMENT

### A.    *There is no undue delay or bad faith in Plaintiffs' motion to amend*.

11.    This case was stayed from Dec. 1, 2021 to March 31, 2023.  *See* Minute Order [Doc #45] ("The case is STAYED pending the ruling on the Defendant's [ECF 35] Motion to Dismiss the Amended Complaint").  Accordingly, there is no undue delay because Plaintiffs could not even had sought to amend the pleading until March 31, 2023.

12.    Further, the motion picture copyright registrations for some of the titles sought to be added in the amended pleading such as *The Protégé* were obtained while this case was stayed.  Accordingly, it was prudent to wait until the motion picture copyright registrations had been obtained.  *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019) (Concluding that 17 U.S.C. §411(a) requires the Register to register the copyright).

13.    In addition, Plaintiff Screen Media Ventures LLC seeks to include Works for which it recently obtained evidence of piracy that came from provider(s) other than Maverickeye UG.  *See* First Amended Complaint [Doc. #25] at ¶89.  Thus, Plaintiffs did not have bad faith or dilatory motive for waiting to seek to join these Plaintiffs as parties to the case.  Rather, to the extent there has been any delay at all, such delay has been in good faith to investigate the factual allegations at hand, not to gain any strategic advantage in bad faith.

14.    On the other hand, Defendant has sought extensions to answer Plaintiffs' interrogatories and has yet to produce substantive documents in response to Plaintiffs'

20-0231A

requests for production of documents (such as the DMCA database). Thus, it is Defendants who have been delaying progress in the case while Plaintiffs have been prejudiced because they were unable to obtain substantive discovery from Defendant prior to the deadline to join or amend the pleadings.

**B.** **Defendant is not prejudiced by the SAC.**

15. The proposed SAC relates to the same nucleus of operative facts that have already been pled and survived Defendant's motion to dismiss. Further, since the discovery in this case has been bifurcated, Defendant has not yet propounded discovery on Plaintiffs. Although the proposed SAC includes additional allegations concerning notices from other providers that were sent to Defendant concerning titles of some of Plaintiffs, these notices (as well as notices sent from all rightsholders) are in Defendant's possession. Moreover, not only have defendants yet to serve any discovery of their own, as noted, Defendants have been delaying responding to Plaintiffs' discovery, thus precluding any argument they are prejudiced. Accordingly, there is no prejudice to Defendant.

**C. The proposed SAC is not futile.**

16. Amendments are only futile where they would not survive a motion to dismiss. Here, the proposed SAC is not futile because it consists of or relates to the same claims that have already survived Defendant's motion to dismiss.

**V.     CONCLUSION**

17. Applying the liberal standard set forth in Federal Rule of Civil Procedure, the Court should grant Plaintiff's Motion for Leave to File the SAC because there is no (i)

20-0231A

undue delay, (ii) bad faith or dilatory motive, (iii) prejudice to defendants, or (iv) futility of

the proposed amendment.

Dated:  May 31, 2023  Kailua Kona, HI 96740

Respectfully submitted,

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:
kculpepper@culpepperip.com
*Attorney for Plaintiffs*

I hereby certify that the foregoing pleading complies with the type-volume limitation set
forth in Judge Domenico's Practice Standard III(A)(1)

20-0231A

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Margaret R. Szewczyk     mszewczyk@atllp.com, iplitstaff@armstrongteasdale.com

Richard L. Brophy     rbrophy@atllp.com, iplitstaff@armstrongteasdale.com

Zachary Charles Howenstine     zhowenstine@armstrongteasdale.com, drichert@armstrongteasdale.com, iplitstaff@armstrongteasdale.com


DATED: Kailua-Kona, Hawaii, May 31, 2023.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs

20-0231A