**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-1901-DDD-MEH

AFTER II MOVIE, LLC, et al,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

**FIRST JOINT MOTION TO AMEND SCHEDULING ORDER TO EXTEND DEADLINE TO COMPLETE EXPEDITED DISCOVERY BY 75 DAYS**

---

Plaintiffs AFTER II MOVIE, LLC, et al. ("Plaintiffs") and Defendant WIDEOPENWEST FINANCE, LLC ("Defendant") (collectively, "the Parties") hereby submit this Joint Motion to amend the Scheduling Order [Doc. #142] to extend the deadline to complete expedited discovery by <u>75</u> days to Jan. 22, 2024 (Jan. 20 being a Saturday).  This motion is pursuant to Fed. R. Civ. P. 16(b).

Whereas, the Scheduling Order [Doc. #142, at p.8] sets a deadline of 200 days from entry date of the scheduling order (April 19, 2023) as the deadline to complete expedited fact discovery.  Therefore, the current deadline is Nov. 6, 2023 (Nov. 5 being a Sunday).

Whereas, on April 17, 2023, Plaintiffs served Defendant with First Interrogatories, Second Requests for Production of Documents and a Rule 30(b)(6) Deposition Notice.

20-0231A

Whereas, on April 24, 2023, Defendant served a response to Plaintiffs' First Requests for Production of Documents ("1RPOD") including objections and responsive documents (identifications of certain subscribers).

Whereas, on May 17, 2023, Defendant served a response to Plaintiffs' Second Requests for Production of Documents ("2RPOD") that included objections but no responsive documents.

Whereas, on May 23, 2023, the Parties held a first meet and confer to discuss the objections. During the meet and confer Defendant requested a one week extension to respond to the interrogatories which Plaintiffs agreed to provided that Defendant agreed to join them in a motion to extend the deadline in the scheduling order.

The Parties have a disagreement on issues related to the scope of discovery. For example, Plaintiffs assert that the discovery rule extends the applicable time period for relevant discovery to at least January of 2014. Defendant asserts that only three years prior to the filing date is relevant time period. Defendant has only provided responsive documents for the time period which it asserts is relevant.

Whereas, on June 8, 2023, the Court held a hearing on the objections and the Parties' disagreements. The Court resolved some of the objections and ordered Plaintiffs to file a motion to compel by July 12, 2023 for the remaining discovery issues. Per local rules, Defendant's response will be due 21 days later and Plaintiffs' reply will be due 14 days from Defendant's response.

Therefore, the Parties agree that there is good cause to extend the deadline for expedited discovery considering the Parties' pending discovery disputes and Defendant's

intention to produce additional documents responsive to Plaintiffs' discovery requests. The Parties further agree that any Rule 30(b)(6) deposition of Defendant should not take place until the pending discovery disputes are resolved and Defendant has substantially completed its document production, because otherwise the deposition may need to be repeated.

Plaintiffs and Defendant agree that professional courtesy dictates providing the opposing party with reasonable extensions. However, Plaintiffs do not want to be prejudiced by not receiving adequate time to conduct expedited discovery.

The Parties believe it would be more efficient to provide Defendant time to respond to the discovery requests and for the Court to resolve the discovery disputes before Plaintiffs conducts the depositions. The Parties believe that an extension of 75 days to Jan. 22, 2024 (Jan. 20 being a Saturday) will provide time for the Court to fully resolve the discovery dispute and for Plaintiffs to conduct the depositions. Accordingly, there is GOOD CAUSE to grant the Parties' motion.

This is the Parties' first request to modify the scheduling order.

Dated: July 7, 2023        Respectfully submitted,

| | |
|---|---|
| /s/ Kerry S. Culpepper<br>Kerry S. Culpepper<br>CULPEPPER IP, LLLC<br>75-170 Hualalai Road, Suite B204<br>Kailua-Kona, Hawaii 96740<br>Telephone:   (808) 464-4047<br>Facsimile:     (202) 204-5181<br>E-Mail: kculpepper@culpepperip.com | /s/Angela B. Kennedy (with permission)<br>Zachary C. Howenstine<br>Richard L. Brophy<br>Margaret R. Szewczyk<br>Angela B. Kennedy<br>Armstrong Teasdale LLP<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, Missouri 63105 |

3

20-0231A

*Attorney for Plaintiffs*

(314) 621–5070 (telephone)
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
akennedy@atllp.com
*Attorneys for WideOpenWest Finance, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Margaret R. Szewczyk    mszewczyk@atllp.com, iplitstaff@armstrongteasdale.com

Richard L. Brophy    rbrophy@atllp.com, iplitstaff@armstrongteasdale.com

Zachary Charles Howenstine    zhowenstine@armstrongteasdale.com, drichert@armstrongteasdale.com, iplitstaff@armstrongteasdale.com

DATED: Kailua-Kona, Hawaii, July 7, 2023.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 `Hualalai Road, Suite B204

20-0231A

Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Attorney for Plaintiffs*