IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01901-DDD-MEH

AFTER II MOVIE, LLC, *et al.*,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion to Compel Defendant to Provide Documents and Information, Response to Interrogatories and to Answer Deposition Topics. ECF 162-1 (redacted version at ECF 163). The Court held a discovery conference on June 28, 2023, predating this Motion. ECFs 154, 175. At the Court's direction, the parties have briefed the remaining discovery disputes. ECFs 154, 162-1, 177–78. I will address Plaintiffs' Motion in the order of the seven topics it raises and adopt its verbiage. As set forth below, the Court **grants in part** and **denies in part** Plaintiffs' Motion.

**I.    Timely Production of Documents/Responses**

    Plaintiffs assert that Defendant has failed to timely produce documents in response to their discovery requests. Plaintiffs request Defendant's Digital Millennium Copyright Act ("DMCA") database. ECF 162-1 at 4–5. Defendant states that it has produced "WOW's DMCA database records." ECF 177 at 21. This is either moot or, if Defendant's statement is factually incorrect, the Court directs it to produce this database.

1

Plaintiffs also state they "have received *zero* documents in response to request numbers 3-6, 8-26, 28, 31-32, 37, 40, 51, 52, 57-59, 63, 71, 72, 76, 82, and 84-89" (emphasis in original), despite Defendant's agreement to produce responsive documents. ECF 12-1 at 4. Accepting Plaintiffs' representation as true, Defendant is directed to inform Plaintiffs whether all responsive documents have been produced and, if not, (1) why not and (2) when they will be produced. For Request for Production number 90-94, Plaintiffs argue Defendant has not provided "any means to tie the customer ID to the IP address." ECF 12-1 at 4. Defendant shall correct this deficiency to the extent that it has not yet done so. Concerning Interrogatory 4, Defendant shall answer as requested by Plaintiffs to the extent it has not yet done so.

**II.     Evidence Concerning Defendant's Policies and Practices 1/1/2014–7/13/2018**

Defendant's objection to Plaintiffs' requests relies primarily on its legal argument concerning the discovery rule. ECF 177 at 5. I cannot, for purposes of adjudicating a discovery dispute, rule as a matter of law whether the discovery rule will permit Plaintiffs to seek damages for a time period back to 2015, as Plaintiffs request. ECF 162-1 at 5–10. Nor is there a sufficient record to do so at this point, even if the Court were so inclined. A ruling on the discovery rule will be a matter for Judge Domenico. The purpose of discovery is to permit the parties to proceed forward once Judge Domenico has ruled on this issue. There will not, however, be time to wait for such a ruling and then go back and adjust discovery in the event Judge Domenico finds for Plaintiffs. That is simply a necessary "evil" of the litigation process. This also applies to any ruling that MEU was or was not Plaintiffs' agent for purposes of imputing knowledge. Therefore, Plaintiffs will be permitted to "propound discovery for pre-2018 infringements." ECF 162-1 at 8.

2

**III.    Defendant's Disparate Practices When Enforcing Policies to its Benefit in Comparison to its Purported DMCA Policy**

Plaintiffs argue that "[e]vidence of contradictory practices such as Defendant taking more aggressive action when its subscribers infringe Works of film studios or distributors for which Defendant has negotiated specific agreements for its profit is relevant circumstantial evidence showing that its DMCA policy was purposefully implemented as a sham." ECF 162-1 at 11. Defendant calls this factual averment false and asks the Court to approach it "with serious skepticism." ECF 177 at 16–17. First, in most lawsuits the parties make allegations the other side believes are patently false. Each side is permitted to make allegations consistent with Fed. R. Civ. P. 11. I cannot decide what is true and what is false. The logic of Plaintiffs' statement is sound. If it is based on an untruth, I trust the litigation process to determine that. For now, I accept each side's good faith allegations concerning the theories of its claims or defenses. Therefore, I agree with Plaintiffs' position.

**IV.    Defendant's Internal Discussions of IP Copyright Lawsuits**

I agree with Defendant's position that, under the current phase of discovery, this inquiry is not relevant. Plaintiffs may revisit this issue after Phase I discovery. ECF 177 at 17–18. The case law certainly supports that, under the DMCA Section 512(c) defense, knowledge is relevant. *See, e.g.*, *Steinmetz v. Shutterstock, Inc.*, 629 F. Supp. 3d 74, 81 (S.D.N.Y. 2022). I do not see the same element in a Section 512(a) defense, which is what Defendant is asserting here. ECF 177 at 17–18; *id.* at 17 n.10.

**V.    Defendant's Profits from Pirating Customers**

The parties agree that at the June 28, 2023 discovery conference the Court already limited Plaintiffs' request to the 367 subscribers previously identified in discovery. ECF 177 at 18; ECF

3

178 at 10; ECF 154 at 1. As requested by Plaintiffs, in reference to the Court's comments at that conference, "Defendant should prepare a witness to discuss this topic at the deposition for the 367 subscribers and disclose the revenue for all 367 including the pre-2018 subscribers." ECF 178 at 10.

## VI. Defendant's Network Monitoring Policies and Procedures

I agree with the defense position on this topic. Defendant has agreed to produce any study of network usage. ECF 177 at 19. Otherwise, the case law appears to support Defendant's position on an ISP's network monitoring obligation.

## VII. Defendant's Data Preservation Records

Defendant has agreed to Plaintiffs' demand concerning information about "the specific month and day one third-party relationship was terminated." ECF 177 at 20. Defendant represents it does not know how to otherwise respond to what it did to preserve data. *Id.* Defendant also represents "it has not been intentionally deleting data." *Id.* If, indeed, as surprising as it would be, Defendant had no data deletion/preservation policy whatsoever during the relevant time period, it should clearly so state. If it had any such policy, whether formal or informal, and if it followed that policy, Defendant should describe the specific manner in which it endeavored to comply with the policy. Further, as Plaintiff implies, Defendant had an obligation after it was put on "notice of Plaintiffs' claims on March 16, 2021 and served the data preservation request on Nov. 8, 2021." ECF 178 at 11. In past lawsuits of this nature, the defendants produced the instructions they issued to employees and records custodians instituting a document hold. If there were such instructions here, evidence of them should be produced.

SO ORDERED.

Entered this 14th day of November, 2023, at Denver, Colorado.

BY THE COURT:

*[signature: Michael E. Hegarty]*

Michael E. Hegarty
United States Magistrate Judge