# Exhibit "C"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1901-DDD-MEH

AFTER II MOVIE, LLC, et al.,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

## PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WIDEOPENWEST FINANCE, LLC (NO. 117)

---

Please take notice that pursuant to Rule 34, Federal Rules of Civil Procedure ("FRCP"), ("Plaintiffs") hereby request discovery from Defendant WIDEOPENWEST FINANCE, LLC ("Defendant") as follows.

Pursuant to Rule 34 of the FRCP, Plaintiffs request that Defendant file a written response and produce for inspection and copying all of the Documents requested below which are in its possession, custody, or control, within thirty (30) days after service of this request. Said production shall be via email to kculpepper@culpepperip.com or at 75-170 Hualalai Road, Suite B204, Kailua-Kona, Hawai'i 96740, or at some other convenient location mutually agreed upon by the parties if production via email is not feasible. Failure to produce the documents or items requested may also be grounds for a motion to compel production of documents, and/or sanctions, pursuant to the provisions of FRCP Rule 37.

The attached Instructions and Definitions apply to the document request. These requests are continuing to the full extent provided by FRCP Rules 26 and 34.

**Definitions**

1. The terms "You," "Your," "Defendant,", "WideOpenWest" or "WOW", mean WideOpenWest Finance, Inc. and/or any persons or entities acting on its behalf or in concert with it, its employees, consultants, agents, officers, representatives, attorneys or other persons authorized to act for WideOpenWest Finance, Inc.

2. "Internet Protocol ("IP") Address" means a unique string of numbers and or letters that identifies a specific interface on a network and assigned to a subscriber by an Internet Service Provider ("ISP").

3. "Correspondence" means a document that has been delivered by, sent by, addressed to, copied to, or transmitted by one person or entity to another person or entity.  A correspondence may be in written form, electronic form, or in email form.  A correspondence sent by email incudes all attachments.  It includes memoranda distributed to anyone in an office, including but not limited to intra-office memoranda and inter-office memoranda.

4. "Customer" or "Subscriber" are used interchangeably and refer to an individual or entity that paid Wideopenwest for Internet service and was assigned IP address(es).

5. "DMCA" refers to the Digital Millennium Copyright Act.

6. "File" means any and all of the following: a collection of documents organized by subject, name, or topic; a collection of electronic or computer records organized by subject, name, or topic; an electronic or physical folder in which information and/or records are kept.

7. "Identify" shall mean: (a) as to an individual, to state the person's full name and current address; (b) as to an entity or person other than an individual, to state its full name and current business address; (c) as to a document, to state the type of document (e.g., letter, memorandum,

telegram, chart), date, author, addressee, title, file and identifying number and symbol, if any, its present location, and the name and address of the person who has custody of the document; and (d) as to information, to describe the subject matter, form, and content of the information.

8.  "And" and "or" and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the request all responsive documents.

9.  "Any" shall include "all" and "all" shall include "any".

10. The term "Notice" refers to a notice, including but not limited to a notice under the DMCA, that one or more of your Customers or Users infringed or allegedly infringed a copyright.

11. The term "User" refers to any person that uses your internet services.

12. The terms "Plaintiffs' Work" or "Plaintiffs' Works" mean any one or more of the copyrighted works listed in Exhibit "1" to Plaintiffs' First Amended Complaint (Dkt. 25-1), including any future addition, removal or revisions in subsequent filings, pleadings or discovery responses.

13. The term "relevant" when used to describe a document, information, or other types of evidence, has the meaning described in Rule 401, *Federal Rules of Evidence*, and its commentary.

14. The term "Repeat Infringer Policy" refers to a policy as described in 17 U.S.C. § 512(i).

15. The term "Acceptable Use Policy" refers to any policy concerning the obligations, rules, and limitations of Customers' or Users' use of internet services offered by WOW.

16. The term "violation" refers to a violation included in the total of violations (total_violations) in WOW000144.

17. The term "total violations" refers to the term as used (total_violations) in WOW000144.

18. The term "violation count" refers to the term as used (violation_count) in WOW000144.

19. As used herein, the term "document" or "documents" shall mean and include the following:

   a. "Documents" and "electronically stored information" as these terms are used in FRCP Rule 34. Such material includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

   b. Correspondence.

   c. Tangible things containing information.

   d. Notes, memoranda, and journals.

   e. Drawings, blueprints, and plans.

   f. Electronic/digital/computer files and records;

   g. Contracts and agreements;

   h. Legal instruments or official documents;

   i. Financial statements, worksheets, reports, projections, schedules, ledgers, books, records, and journals;

   j. Vouchers, expense accounts, receipts, invoices, bills, orders, billings, cost breakdowns, and checks;

   k. Investigation or incident reports;

   l. Files, and records;

   m. Proposals, feasibility studies, engineering studies, renderings, plans, drawings;

   n. Reports;

  o. Testifying expert reports, opinions and back up documents; and

  p. Drafts or draft copies of any of the above.

20. The terms "copyright management information" or "CMI" mean "copyright management information" as defined in 17 U.S. Code § 1202(c).

21. Documents include email and attachments. You may produce email and attachments in printed form, but you should preserve the electronically stored file, and produce said files if requested. When producing electronically stored information, please produce the files on a DVD or other storage device and identify the software required to open the files.

22. Documents include electronically stored information, such as, for example, spreadsheets stored as Excel or QuickBooks files on a computer. You may produce such documents in printed form, but you should preserve the electronically stored file, and produce said files if requested.

23. The instant discovery request does not include documents protected by the attorney-client privilege.

24. For each discovery request or part thereof to which you object on the ground of burdensomeness, please indicate the custodian and location of each file or document requested, and the time estimated to obtain the information.

25. If you object to any request on the ground that the answer would reveal privileged information, please specify:

  (a) The nature of the privilege being claimed (including work product);

  (b) The general subject matter of the document or oral communication as to which the privilege is claimed;

  (c) The date of the document or oral communication;

(d) The name of the author or person making such communication;

(e) The addressees or recipients of the document or oral communication;

(f) The relationship between the author or person making such communication and the addressees or recipients of the document or oral communication.

## REQUESTS FOR INSPECTION AND PRODUCTION

**117. Request for Production:** If your response to Request for Admission #76 was anything but an unqualified admission, produce all documents supporting your response including all written copies of WOW's policy that shows procedures for adjusting a subscriber's tier for good behavior.

DATED: Kailua-Kona, Hawaii, April 22, 2024.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on the date below I sent a copy of the foregoing to the following e-mail addresses:

Kathryn E. Ford    kford@atllp.com, iplitstaff@atllp.com

Zachary Charles Howenstine    Zhowenstine@atllp.com, iplitstaff@atllp.com

Richard L. Brophy    rbrophy@atllp.com, iplitstaff@atllp.com

Margaret R. Szewczyk    mszewczyk@atllp.com, iplitstaff@armstrongteasdale.com

Angela B. Kennedy    akennedy@atllp.com, angela-kennedy-1734@ecf.pacerpro.com, bpeyton@atllp.com, iplitstaff@atllp.com, stllitdocket@atllp.com

Melanie Elizabeth King    meking@atllp.com


DATED: Kailua-Kona, Hawaii, April 22, 2024.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs