# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

AFTER II MOVIE, LLC, et al.,    )
    )
        Plaintiffs,    )    Case No. 1:21-cv-01901-DDD-MEH
    )
    vs.    )
    )
WIDEOPENWEST FINANCE, LLC,    )
    )
        Defendant.    )

## DEFENDANT'S RESPONSE TO
## PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

Defendant WideOpenWest Finance, LLC ("WOW") opposes Plaintiffs' Motion to Amend Scheduling Order to Extend Deadline to Complete Expedited Discovery (ECF No. 214). By seeking a one-day extension of the discovery deadline, Plaintiffs are effectively seeking an order requiring WOW to respond to untimely written discovery from Plaintiffs. Plaintiffs' motion is itself untimely, and Plaintiffs also fail to demonstrate good cause.

*First*, it is indisputable that Plaintiffs did not timely serve the discovery requests at issue. On April 22, 2024, Plaintiffs served these requests—Plaintiffs' Second Requests for Admissions ("the RFAs") and Fifth Request for Production of Documents ("the RFP")—on WOW. Pursuant to Fed. R. Civ. P. 36(a)(3) and 32(b)(2)(A), WOW's responses would have been due May 22, after the May 21 deadline for completing the current phase of discovery regarding WOW's DMCA safe harbor defense. *See* January 18, 2024 Minute Order (ECF No. 193). As a result, WOW had no obligation to respond to the RFAs and RFP. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (discovery requests with a 30-day response timeline "must be served at least thirty days prior to a completion of discovery deadline"); *see also, e.g., Cassirer v. San Miguel Bd. of Cnty. Comm'rs*, No. 1:08-cv-1668, 2009 WL 1844326, at *3 (D. Colo. June 23, 2009) (collecting cases).

***Second***, Plaintiffs' motion to amend the scheduling order is untimely, because Plaintiffs did not file it until the day of the May 21 discovery deadline. Section V(7) of the Uniform Civil Practice Standards of U.S. Magistrate Judges provides that "[m]otions for extension of time or modification will be disfavored and they must be filed **three (3) business days** before the operative deadline." (emphasis in original). Plaintiffs should have been aware of the need for the extension since at least April 22, which is when they served the additional RFAs and RFP. *See* ECF No. 214 at 5. The Court should deny Plaintiffs' motion for this reason alone.

***Third***, Plaintiffs have not shown good cause to modify the scheduling order. Plaintiffs say that they "could not appreciate [WOW's] interpretation of the relevant issues" until WOW served certain amended RFA responses on April 22. ECF No. 214 at 5. But WOW's amended RFA responses related to the number of copyright notices WOW received that contain what Plaintiffs contend is altered "copyright management information" in violation of section 1202 of the DMCA. *See* ECF No. 214-1 at 13-15. Facts related to the alleged alteration of "copyright management information" are irrelevant at this stage because Judge Domenico has ruled that WOW's safe harbor defense does not apply to Plaintiffs' section 1202 claims. *See* Mar. 13, 2024 Order at 8 (ECF No. 198). Furthermore, only **six of the 31 new RFAs** (Nos. 48-53) pertain to this issue. *See* ECF No. 214-2. And finally, although new RFAs Nos. 48-53 generally relate to the same subject matter as certain of WOW's April 22 amended RFA responses, Plaintiffs do not attempt to explain why WOW's amended responses required Plaintiffs to serve these additional RFAs.

The other 25 new RFAs, and the lone new RFP, relate to facts concerning WOW's DMCA safe harbor defense and could have been served long ago.[1] Plaintiffs therefore cannot demonstrate

---

[1] WOW also notes that Plaintiffs' new RFP (ECF No. 214-3) is redundant to requests for production previously served by Plaintiffs.

good cause because it requires a showing that the movant, acting with diligence, "could not have reasonably met the scheduled deadline." *See Cassirer*, 2009 WL 1844326 at *5. Plaintiffs do not attempt to offer a specific explanation for their delay; instead, they vaguely suggest that unspecified deposition testimony from WOW witnesses during "the week of April 16" gave rise to these new requests. *See* ECF No. 214-1 at 5. Even if that is true, it is no excuse for Plaintiffs not serving this discovery until April 22. The only depositions during "the week of April 16" were on April 17 and 18, of WOW witnesses Kelly Arnold and Stephen Swanson. If Plaintiffs had acted diligently, they could have served these new RFAs and RFP on or before April 21. *Cassirer*, 2009 WL 1844326, at *6 ("Where a party fails to pursue discovery in the face of a court-ordered cut-off, as here, that party may not be heard to plead prejudice resulting from his own inaction.") (cleaned up).

*Fourth*, and finally, Plaintiffs have failed to demonstrate that these additional discovery requests—31 new RFAs and one new RFP—are necessary. In discovery, at some point enough is enough. In this phase of discovery alone, which is limited to WOW's DMCA safe harbor defense, WOW has responded to 116 requests for production, 15 interrogatories, and 46 requests for admissions. WOW has produced over 10,000 internal emails dating back nearly 10 years, which required a very costly and burdensome privilege review because the core topic is WOW's implementation of a DMCA safe harbor policy. WOW has also produced extensive data from its DMCA system, reflecting nearly every aspect of WOW's ingestion and processing of copyright infringement notices, and over 700,000 such notices. Additionally, WOW prepared and produced four Rule 30(b)(6) representatives for deposition on over 20 total topics, and Plaintiffs deposed three of those witnesses in their individual capacities as well. WOW also prepared a fifth witness for deposition, only for Plaintiffs to cancel that deposition the day before it was scheduled to occur.

Under the circumstances, Plaintiffs cannot show good cause to modify the scheduling order so that

WOW is obligated to respond to 31 more RFAs and one more RFP.

      For these reasons, the Court should deny Plaintiffs' Motion to Amend Scheduling Order.


Dated:  May 28, 2024                  Respectfully submitted,


                  By: */s/ Zachary C. Howenstine*
                  Richard L. Brophy
                  Zachary C. Howenstine
                  Angela B. Kennedy
                  Margaret R. Szewczyk
                  Melanie E. King
                  ARMSTRONG TEASDALE LLP
                  7700 Forsyth Blvd., Suite 1800
                  St. Louis, Missouri 63105
                  (314) 621–5070
                  rbrophy@atllp.com
                  zhowenstine@atllp.com
                  akennedy@atllp.com
                  mszewczyk@atllp.com
                  meking@atllp.com

                  Kathryn E. Ford
                  ARMSTRONG TEASDALE LLP
                  4643 S. Ulster St., Suite 800
                  Denver, Colorado 80237
                  (720) 200-0676
                  kford@atllp.com


                  *Attorneys for Defendant WideOpenWest*
                  *Finance, LLC*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

By:    */s/ Zachary C. Howenstine*
        Zachary C. Howenstine

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2024, a copy of the foregoing was contemporaneously served on all counsel of record via the CM/ECF system.

By:    */s/ Zachary C. Howenstine*
        Zachary C. Howenstine