IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1901-DDD-CYC

AFTER II MOVIE, LLC

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

## UNOPPOSED MOTION TO SUBSTITUTE

Plaintiffs After II Movie, LLC, et al. file this motion to substitute George L. Miller as Chapter 7 trustee of Screen Media Ventures, LLC ("SMV") as Plaintiff in place of SMV. This motion is pursuant to Fed. R. Civ. P. 17 and 25.

### D.C.COLO.LCivR 7.1 Certification

Counsel for Plaintiffs met and conferred with counsel for Defendant by email on Jan. 17, 2025 (in which Plaintiffs' counsel sent Defendant's counsel a draft motion) and by zoom on Jan. 22, 2025 prior to filing the present motion. On Jan, 23, 2025, counsel for Defendant stated by email that "[Defendant] will not oppose the substitution of the trustee in place of SMV, but [Defendant] does not agree with the assertions set forth in the draft motion to substitute…". Further, the Parties agree that should the Court grant this unopposed motion, the status conference hearing set for Feb. 18, 2025, *see* Doc. #251, is no longer necessary and should be vacated.

## I.  RELEVANT FACTUAL BACKGROUND

On June 29, 2024, SMV, and its parent company, Chicken Soup For The Soul Entertainment Inc., (collectively, the "Debtors"),[1] filed for protection under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), in a case captioned *In re: Chicken Soup For The Soul Entertainment Inc., et al.*, 24-11457, which is pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case").

On July 9, 2024, SMV filed a Notice of Bankruptcy with this Court.  *See* Doc. #231.

On July 10, 2024, the Bankruptcy Court entered an order converting the chapter 11 Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code.  *See* Ex. "1".

On July 11, 2024, the Bankruptcy Court appointed George L. Miller as Chapter 7 Trustee ("Trustee") to liquidate the Debtors.  *See* Ex. "2".

On July 19, 2024, this Court granted-in-part the Plaintiffs' and Defendant's joint motion and stayed these proceedings and extended the dispositive motion deadline.  *See* Doc. #236.  This Court continued the stay and extended the dispositive motion deadline multiple times until Dec. 20, 2024.  *See* Doc. ##240, 243, 246, 251.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

2

On Dec. 6, 2024, the Trustee filed an application for approval of Culpepper IP, LLLC as special copyright litigation counsel in the Bankruptcy Court that set a hearing date of Jan. 8, 2025 and an objection deadline of Dec. 27, 2024.  *See* Ex. "3".  A third party filed an objection before the objection deadline.  *See* Ex. "4" at p.1 (referring to Muszynski Objection).

On Dec. 20, 2024, this Court lifted the stay with the exception of SMV and set the dispositive motion deadline to Feb. 14, 2025.  *See* Doc. #251.

On Jan. 14, 2025, the Bankruptcy Court granted the Trustee's application for approval of Culpepper IP, LLLC as special copyright litigation counsel over the objections of the third party.  *See* Ex. "4".

## II.   ARGUMENT

Fed. R. Civ. P. 17(a)(1) states that "every action must be prosecuted in the name of the real party in interest."

When a plaintiff files for bankruptcy, a bankruptcy estate is created and the bankruptcy trustee gains control over all "property of the estate," including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a). Claims and causes of action belonging to the debtor at the time of the filing of the bankruptcy petition are "property" of a bankruptcy estate. *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996).

Absent abandonment, the trustee of the bankruptcy estate becomes the real party in interest under Rule 17(a) and the only party with the authority to pursue such actions on the estate's behalf. *See Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126-27 (8th Cir. 1998); *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985) (collecting cases); *see*

3

*also Riggs v. Aetna Life Ins. Co.*, 188 F. App'x 659, 663 (10th Cir. 2006) (citing 11 U.S.C. § 323). The Trustee has not abandoned the claim against Defendant.

Fed. R. Civ. P. 17(a)(3) states that "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Defendant has not served an objection for failure to prosecute in the name of the real party.

Fed. R. Civ. P. 25 (c) provides that "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." The present motion has been served on Defendant and the Trustee as shown in the certificate of service.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to substitute George L. Miller as Chapter 7 trustee of SMV as Plaintiff in place of SMV.

Further, should the Court grant this unopposed motion, the status conference hearing set for Feb. 18, 2025, *see* Doc. #251, should be vacated.


Dated:  Jan. 23, 2025                                          Respectfully submitted,


                                                               */s/ Kerry S. Culpepper*
                                                               Kerry S. Culpepper
                                                               CULPEPPER IP, LLLC
                                                               75-170 Hualalai Road, Suite B204
                                                               Kailua-Kona, Hawaii 96740
                                                               Telephone:  (808) 464-4047
                                                               Facsimile:   (202) 204-5181

4

E-Mail: kculpepper@culpepperip.com
*Attorney for Plaintiffs*

5

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

By:  /s/ Kerry S. Culpepper
Kerry S. Culpepper

## CERTIFICATE OF SERVICE

I hereby certify that on Jan. 23, 2025, a copy of the foregoing was contemporaneously served on all counsel of record via the CM/ECF system and on John T. Carroll, III, counsel for the Chapter 7 trustee George L. Miller

By:  /s/ Kerry S. Culpepper
Kerry S. Culpepper

6