IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| AFTER II MOVIE, LLC, et al, | ) |
| | ) |
| | ) CASE NO.   1:21-cv-1901-DDD-CYC |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WIDEOPENWEST FINANCE, LLC, | ) |
| | ) |
| Defendant. | |

**OPPOSITION TO DEFENDANT'S
MOTION TO RESTRICT PUBLIC ACCESS TO
UNREDACTED DOCUMENTS [DOC. #288]**

Plaintiffs After II Movie, LLC et al. ("Plaintiffs") submit their Opposition to Defendant WideOpenWest Finance, LLC's ("Defendant") Motion to Restrict Access to WOW's Motion for Summary Judgment (ECF No. 282) and Exhibits 2-4 and 11-14 to the corresponding Declarations of Zachary Howenstine and Kelly Arnold (hereinafter, "Exs.") (ECF Nos. 282-1 through 282-12, 282-14, and 282-16).

Again Defendant seeks to seal information it publicly revealed.  Many of the points of Defendant's DMCA policy that Defendant argues are confidential were disclosed in Defendant's answers to Plaintiffs' Requests for Admissions ("RFAs") 1-77 without any assertion of confidentiality.  These RFAs were the subject of three open Court discovery hearings: 3/20/2024, 5/30/2024 and 2/11/2025.  And *Defendant* publicly filed as Ex. F to its opposition to Plaintiffs' sanctions motion a copy of the Parties' nature of the dispute that discussed the part of Defendant's DMCA program redacted from paragraph 27 of the Declaration of Kelly Arnold. *See* Doc. #278-6 at 4 ("The Court should overrule WOW's objection to Request for Admission ("RFA")") and 10

20-0231A

(copy of RFA 75). RFA 75 was discussed in open Court during the discovery hearing on 2/11/2025. *See* Doc. #265 (minute order discussing RFA. 75). This undermines Defendant's arguments that the public disclosure of this information could cause WOW serious and irreparable injury.

Plaintiffs reiterate as stated in their opposition to Defendant's other request for blanket sealing of everything about its purported DMCA policy that the public has a fundamental interest in understanding the disputes decided by the courts. *See EEOC v. A&A Appliance, Inc.*, Civil Action No. 23-cv-02456-DDD-CYC, 2025 U.S. Dist. LEXIS 42035, *1-2 (D. Colo. Mar. 7, 2025) (quoting *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 636 (D. Colo. 2010); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012). Particularly, copyright holders and service providers have an interest in knowing what this Court deems is an acceptable policy that complies with 17 U.S.C. §512(i)(1)(A). For the public to appreciate any decision on the motions for summary judgment, the public will need to know the details of Defendant's policy.

Defendant argues that if details were revealed "…would-be infringers…could seek to develop ways to abuse any opportunity WOW may give them to correct their behavior, and/or "game" the system to determine ways to get close to a particular threshold but not cross it." Doc. #288 at 4. Defendant does not explain how disclosure of the number of notices it receives or the number of customers it purports to have terminated will allow infringers to game its system. Disclosing, at the least, the number of tiers and other parameters would at least allow the public to appreciate what is at issue. Nonetheless, Defendant's purported fears of gaming its system lack merit. In other similar cases the Court has discussed details of the ISP's graduated policy. *See In re Frontier Communs. Corp.*, 666 B.R. 260, 276 (Bankr. S.D.N.Y. 2025) (Describing that the ISP Frontier's threshold for sending a notification to a customer was 16 notices in 90 days before

1

3/11/2021, 11 notices within 90 days before 5/9/2021, and then became 11 notices within 3 years); *BMG Rights Mgmt. (US) LLC v. Cox Communs., Inc.*, 149 F. Supp. 3d 634, 662 (E.D. Va. 2015) ("Moreover, the account holders referenced in the emails above had already been through Cox's entire graduated response procedure. That means Cox had received, not one or two, but at least fourteen infringement notices tied to their accounts in a six-month period.").

Defendant's states "The public disclosure of this information could expose WOW to related complaints from other potential rightsholder plaintiffs." Doc. #288 at 4. In other words, despite the bold language of its motion for summary judgment, Defendant is concerned that it will be sued by other copyright holders if the details of its DMCA policy became public. Defendant does not cite any cases that support the mere fear of being sued if the facts were revealed as outweighing the public's fundamental interest in understanding the disputes decided by the courts.

For at least the foregoing reasons, Defendant's Motion should be denied.

Dated: April 7, 2025                    Respectfully submitted,

By: /s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Attorney for Plaintiffs*

I hereby certify that the foregoing pleading complies with the applicable type-volume limitations set forth in Section III.A.3 of Judge Domenico's Practice Standards.

DATED: Kailua-Kona, Hawaii, April 7, 2025.

2

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs

3

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Margaret R. Szewczyk    mszewczyk@atllp.com, iplitstaff@armstrongteasdale.com

Richard L. Brophy    rbrophy@atllp.com, iplitstaff@armstrongteasdale.com

Angela B. Kennedy <akennedy@atllp.com>

Zachary Charles Howenstine    zhowenstine@armstrongteasdale.com,

Melanie E. King meking@atllp.com

Julie A. Sullivan <JASullivan@atllp.com>

drichert@armstrongteasdale.com, iplitstaff@armstrongteasdale.com

DATED: Kailua-Kona, Hawaii, April 7, 2025.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:    (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Attorney for Plaintiffs*