IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01901-DDD-CYC

AFTER II MOVIE, LLC, et al.,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

## MINUTE ORDER

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on April 22, 2025.**

    This matter is before the Court on the defendant's Motion for Leave to Restrict Public Access to Unredacted Documents (the "Motion"). ECF No. 284. In the Motion, the plaintiff asks the Court to restrict at Level 1 a document consisting of excerpts of a transcript of one of the defendant's corporate representatives. The plaintiffs argue that the defendant undermines its own argument because the defendant publicly filed an exhibit containing information that it now seeks to restrict. *See* ECF No. 286. But that error has been resolved by the defendant filing two unopposed motions to restrict, which this Court granted. *See* ECF Nos. 291, 301, 307.

    The plaintiffs, however, also argue that the public has an interest in understanding disputes decided by the Court. ECF No. 286 at 2. The Court is mindful that "[t]he public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). As a result, there is a presumption in favor of public access to judicial records that may be overcome where "countervailing interests heavily outweigh the public interests in access." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation marks omitted). "Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (quotation marks and indication of internal modifications omitted). The burden is on the party seeking to restrict access "to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Id*. (quotation marks omitted). And if the Court finds a sufficiently significant interest that justifies restriction, "denial of public access to the record must be narrowly tailored to serve the interest being protected." *Whitaker v. Silver Key Bd. of Dir.*, No. 19-cv-01052-RBJ-KMT, 2020 WL 2041349, at *2 (D. Colo. Apr. 28, 2020).

In this regard, the defendant asserts that the exhibit sought to be restricted contains specific details about how its system operates and that disclosure of that information could cause serious and irreparable harm. ECF No. 302 at 2. More specifically, the defendant asserts that disclosure of the information sought to be restricted could lead to the public thwarting its enforcement of the DMCA program, could provide its competitors with a way to develop copycat DMCA practices, and could subject it to claims from a third party. Because of this, the Court agrees with the defendant that protecting its privacy interest outweighs the public's interest. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) (restricting document that contained "business information that might harm a litigant's competitive standing"); *see also Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (restricting documents that "could harm the competitive interests of third parties"). *But cf. Lassiter v. Integrity Sol. Servs., Inc.*, No. 13-CV-00268-PAB-MJW, 2013 WL 5630066, at *3 (D. Colo. Oct. 15, 2013) (concluding that a "conclusory statement that the disclosure of these documents would 'jeopardize any competitive advantage received by the documents [sic] creation,'" did "not identify 'a clearly defined and very serious injury' to ISS' business").

For the reasons stated herein, IT IS HEREBY ORDERED that the Motion, ECF No. 284, is **GRANTED**.

The Clerk is hereby directed to maintain Exhibit E within ECF No. 279 at Restriction Level 1 pursuant to D.C.COLO.L.CivR 7.2, limiting access thereto to the parties and the Court.