IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01901-DDD-CYC

AFTER II MOVIE, LLC, et al.,

    Plaintiffs,
v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

---

## MINUTE ORDER

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on April 24, 2025.**

This matter is before the Court on the defendant's Motion for Leave to Restrict Public Access to Unredacted Documents (the "Motion"). ECF No. 288. In the Motion, the defendant notes that the parties have agreed to unrestrict Exhibits 28 and 30 (ECF Nos. 282-13, 282-15). *Id*. Additionally, in the Motion, the defendant asks the Court to restrict at Level 1 unredacted versions of its Motion for Summary Judgment, two declarations, and Exhibits 2-4, 11-14, 20, 26, 27, 29, and 31, which are attached to ECF No. 282. The plaintiffs do not oppose Exhibits 20, 26, 27, 29, and 31.

The plaintiffs, however, argue that the remaining documents be unrestricted. ECF No. 286 at 2. The defendant failed to file a reply in support of its motion. The Court is mindful that "[t]he public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo, Colo*., 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). As a result, there is a presumption in favor of public access to judicial records that may be overcome where "countervailing interests heavily outweigh the public interests in access." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation marks omitted). "Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (quotation marks and indication of internal modifications omitted). The burden is on the party seeking to restrict access "to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Id*. (quotation marks omitted). The Court, however, "is disinclined to restrict briefing filed by parties or the documents upon which the briefing substantially relies." *Tracy v. Suncor Energy (U.S.A.) Inc.*, 20-CV-01597-WJM-NYW, 2021 WL 5140300, at *2 (D. Colo. Nov. 4, 2021); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quotation omitted)). But if

the Court finds a sufficiently significant interest that justifies restriction, "denial of public access to the record must be narrowly tailored to serve the interest being protected." *Whitaker v. Silver Key Bd. of Dir.*, No. 19-cv-01052-RBJ-KMT, 2020 WL 2041349, at *2 (D. Colo. Apr. 28, 2020).

Plaintiffs first argue that the defendants are seeking to restrict documents that contain information that has previously been revealed. ECF No. 293 at 1. In support of that, the plaintiffs rely on a document that the defendant submitted in support of its opposition to the plaintiffs' motion for sanctions, which they claim reveals similar information to that which is redacted in paragraph twenty-seven of Kelly Arnold's declaration. ECF No. 293 at 1-2. A review of the relevant portions of the documents shows that the information is similar — both documents relate to the defendant's tier system and how subscribers move through the tiers. ECF Nos. 282-2, 278-6 at 4. But the plaintiffs only point to one paragraph of an eight-page document to support its assertion. A review of the remainder of Kelly Arnold's shows that the document contains information about the defendant's procedures and technologies. Because the document contains commercially sensitive information, the Court will grant the defendant's request to restrict this document at Level 1. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-CV-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party).

The defendant seeks to restrict its unredacted partial motion for summary judgment and publicly files a redacted version of that motion. ECF Nos. 281, 282. After comparing the motions, the defendant's redactions are limited to protecting its commercial information. Accordingly, the Court will allow the partial motion for summary judgment to be restricted at Level 1. *See, e.g.*, *Ubel v. Progressive Direct Ins. Co.*, No. 20-cv-00204-RM-NYW, 2020 WL 9432906, at *2 (D. Colo. Sept. 10, 2020) (granting motion to restrict where the "Parties request[ed that a response] be maintained under Level 1 Restriction and [sought] leave to file a redacted version of the Response on the public docket."); *see also Rickaby*, 2016 WL 1597589, at *5.

Additionally, the defendant seeks to restrict Zachary C. Howenstine's declaration and Exhibits 2-4, 11-14. ECF No. 288. The defendant argues that the information contained within Howenstine's declaration and Exhibits 2-4 and 11-14 relate to its policies and procedures, which could be used by "would-be infringers" to "game" the system or to develop copycat DMCA practices. *Id.* at 3-4. A review of the documents shows that they contain sensitive information. For example, Exhibit 2 contains MAC and Account Information for various subscribers, Exhibits 3 and 4 contain account information of subscribers, Exhibit 11 is the DMCA Violation Operating Procedure, and Exhibit 12, 13, and 14 contain additional DMCA policies and procedures. And where the defendant could publicly file minimally redacted documents, it did. For example, the defendant filed a redacted version of Zachary C. Howenstine's declaration and a restricted, unredacted version of the declaration. ECF Nos. 281-1, 282-1. A review of both documents shows that only paragraph six of the publicly filed document contains minimal redactions aimed at protecting the defendant from revealing sensitive information. *Id.* Accordingly, the Court agrees with the defendant that protecting its privacy interest in the limited fashion the defendant did here outweighs the public's interest. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) (restricting document that contained "business information that might harm a litigant's

competitive standing"); *see also Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (restricting documents that "could harm the competitive interests of third parties"). *But cf. Lassiter v. Integrity Sol. Servs., Inc.*, No. 13-CV-00268-PAB-MJW, 2013 WL 5630066, at *3 (D. Colo. Oct. 15, 2013) (concluding that a "conclusory statement that the disclosure of these documents would 'jeopardize any competitive advantage received by the documents [sic] creation,'" did "not identify 'a clearly defined and very serious injury' to ISS' business").

Finally, although the parties agree to restrict Exhibits 20, 26, 27, 29, and 31, the Court must still review the documents to ensure that the parties have met their burden. *See Tracy*, 2021 WL 5140300, at *2 (citations omitted). The fact of non-opposition is not enough for the Court to restrict documents. The defendant failed to provide an analysis of D.C.COLO.LCivR 7.2(c). Accordingly, the defendant is to file a motion on or before May 9, 2025, with an analysis of D.C.COLO.LCivR 7.2(c).

For the reasons stated herein, IT IS HEREBY ORDERED that the Motion, ECF No. 288, is **GRANTED IN PART**.

IT IS ORDERED that the Clerk maintain the following exhibits within ECF No. 282 at Restriction Level 1 pursuant to D.C.COLO.L.CivR 7.2, limiting access thereto to the Parties and the Court:

- Zachary C. Howenstine's Declaration (ECF No. 282-1),
- Kelly Arnold's Declaration (ECF No. 282-2),
- Exhibit 2 (ECF No. 282-3),
- Exhibit 3 (ECF No. 282-4),
- Exhibit 4 (ECF No. 282-5),
- Exhibit 11 (ECF No. 282-6),
- Exhibit 12 (ECF No. 282-7),
- Exhibit 13 (ECF No. 282-8), and
- Exhibit 14 (ECF No. 282-9).

IT IS FURTHER ORDERED that the Clerk maintain the following exhibits within ECF No. 282 at Restriction Level 1 pursuant to D.C.COLO.L.CivR 7.2, limiting access thereto to the Parties and the Court, until May 23, 2025, unless otherwise ordered by the Court:

- Exhibit 20 (ECF No. 282-10),
- Exhibit 26 (ECF No. 282-11),
- Exhibit 27 (ECF No. 282-12),
- Exhibit 29 (ECF No. 282-14), and
- Exhibit 31 (ECF No. 282-16).

IT IS FURTHER ORDERED that the Clerk revert Exhibits 28 (ECF No. 282-13) and 30 (ECF No. 282-15) to unrestricted status.