IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1901-DDD-CYC

AFTER II MOVIE, LLC, et al.,

    Plaintiffs,

v.

WIDEOPENWEST FINANCE, LLC,

    Defendant.

**UNOPPOSED MOTION FOR LEAVE TO MAINTAIN UNREDACTED VERSION OF DEFENDANT'S EXHIBITS 20, 26, 27, 29 AND 31 AS LEVEL 1 RESTRICTED**

Plaintiffs AFTER II MOVIE, LLC, et al. ("Plaintiffs") hereby submit this unopposed Motion to maintain a Level 1 access restriction to the unredacted versions of Exhibits 20, 26, 27, 29 and 31 to Defendant's motion for summary judgment filed at ECF No. 282. This motion is pursuant to D.C.COLO.LCivR 7.2(c) and this Court's Order [ECF No. 310] of 4/25/2025.

For the reasons set forth in Plaintiffs' incorporated memorandum below, the restriction is necessary to protect non-public, sensitive, confidential commercial information designated by Plaintiffs as "Confidential" pursuant to the Protective Order governing this matter.

**I. MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Legal Standard**

20-035B

    1.    D.C.COLO.LCivR 7.2(c) sets forth the standard for restriction of filings. A motion to restrict must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

**B.  Argument**

*i. Identification of the Documents.*

    2.    Defendant's Motion for Summary Judgment ("Motion") [ECF No. 282] refers to the following exhibits Plaintiffs turned over in discovery and designated as confidential.

| Exhibit Number | Description | Unredacted Docket Entry | Proposed Unredacted Docket Entry |
|---|---|---|---|
| 20 | MEU-Crowell Law service agreement | 282-10 | 288-2 |
| 26 | Crowell Law-Voltage agreement | 282-11 | 288-3 |
| 27 | INTELLIP-Two Guns agreement | 282-12 | 288-4 |
| 29 | Crowell Law-CMS-Hannibal agreement | 282-14 | 288-5 |
| 31 | CMS-Millennium agreement | 282-16 | 288-6 |

20-0231A

3. The documents sought to be protected are unredacted versions of the exhibits listed above.

*ii. Address the interest to be protected and why such interest outweighs the presumption of public access.*

4. Under the Protective Order entered in this case, producing parties may designate as "Confidential" anything the producing party in good faith believes is non-public, sensitive, or confidential information. ECF No. 52 at ¶ 2. The Protective Order further provides that if a party wishes to file this confidential information with the Court, "the filing party shall file the document (or a portion of the document) as a restricted document pursuant to and consistent with Local Rule 7.2 and the Presiding Judge's Practice Standards." *Id.* at ¶ 24.

5. Exhibits 20, 26-27, 29 and 31 contain non-public, commercially sensitive information concerning the rates negotiated for certain attorneys who have not appeared in this case and rates charged by third-party providers such as Maverickeye, UG ("MEU"). By designating this information as "Confidential," Plaintiff contends that this information is competitively sensitive and highly confidential information and that disclosure of this information would cause Plaintiffs and the third-party providers competitive harm. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-CV-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party). Plaintiffs have redacted versions that were

3

publicly filed in Defendant's motion to restrict that merely redact the confidential information. *See, e.g., Health Grades, Inc. v. MDx Medical, Inc.*, 11–cv–00520–RM–BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

### *iii. Identification of a clearly defined and serious injury that would result if access is not restricted.*

6.     The public disclosure of Plaintiffs' and MEU's competitively sensitive and highly confidential commercial information will cause them irreparable injury. MEU competitors would be able to see the confidential rates it negotiated with vendors. Counsel in unrelated cases would be able to see the rates Plaintiffs have negotiated with other counsels. MEU's and Plaintiffs' negotiating power would be significantly hindered.

### *iv. Why only restriction will adequately protect the interest in question.*

7.     Defendant has cited to these exhibits in its motion for summary judgment. The focus on Defendant's arguments in its summary judgment brief is portions of the exhibits that are unredacted. Accordingly, the public has no interest in the information Plaintiffs seek to redact.

### *v. Identification of the level of restriction sought.*

4

20-0231A

8. Plaintiffs seek only a Level 1 restriction—the least secretive level of restriction. Defendant publicly filed redacted version of Exhibits 20, 26-27, 29 and 31 that redacts Plaintiffs' and the third-party providers' competitively sensitive confidential information at ECF Nos. 288-2, 288-3, 288-4, 288-5 and 288-6. *See, e.g., Ubel v. Progressive Direct Ins. Co.*, No. 20-cv-00204-RM-NYW, 2020 WL 9432906, at *2 (D. Colo. Sept. 10, 2020) (granting motion to restrict where the "Parties request[ed that a response] be maintained under Level 1 Restriction and [sought] leave to file a redacted version of the Response on the public docket."); *see also Rickaby*, 2016 WL 1597589, at *5.

9. Moreover, though the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion for Leave to Restrict should be granted, the Parties respectfully inform the Court that this information was designated confidential by Plaintiffs under the Stipulated Protective Order [ECF No. 52] in this case.

**C. Conclusion**

10. WHEREFORE, the Parties request that the Court maintain the unredacted versions of Defendant's Exhibits 20, 26, 27, 29 and 31 filed at ECF Nos. 282-10, 282-11, 282-12, 282-14 and 282-16 under Level 1 restriction.

Dated: May 2, 2025        Respectfully submitted,

  */s/ Kerry S. Culpepper*

20-0231A

5

Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiffs

---

### CERTIFICATE OF SERVICE
---

      I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Angela B. Kennedy <akennedy@atllp.com>

Margaret R. Szewczyk     mszewczyk@atllp.com, iplitstaff@armstrongteasdale.com

Richard L. Brophy     rbrophy@atllp.com, iplitstaff@armstrongteasdale.com

Zachary Charles Howenstine     zhowenstine@armstrongteasdale.com, drichert@armstrongteasdale.com, iplitstaff@armstrongteasdale.com


      DATED: Kailua-Kona, Hawaii, May 2, 2025.


                              CULPEPPER IP, LLLC

                              /s/ Kerry S. Culpepper
                              Kerry S. Culpepper

20-0231A

CULPEPPER IP, LLLC
75-170 `Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Attorney for Plaintiffs*